DAVID J. KAMINSKI (SBN 128509)
kaminskd@cmtlaw.com
STEPHEN A. WATKINS (SBN 205175)
Watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
REDLINE RECOVERY SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS, Pro se;<br><br>Plaintiff,<br><br>vs.<br><br>REDLINE RECOVERY SERVICES, LLC, Does 1-10<br><br>Defendants. | CASE NO. 5:11-cv-01824-JHN-SP<br><br>**DEFENDANT REDLINE RECOVERY SERVICES, LLC'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Defendant REDLINE RECOVERY SERVICES, LLC ("Defendant") by and through its undersigned attorney and for its Answer to the Complaint ("Complaint") of Plaintiff JOSCELIN B. THOMAS ("Plaintiff"), states as follows:

1.  Answering Paragraph 1 of the Complaint Defendant admits that Plaintiff asserts that her Complaint is based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), California Rosenthal Fair Debt Collection Practice Act ("Rosenthal Act"), California *Civil Code* §1788 *et seq.*, and Fair Credit Reporting Act ("FCRA"), 15

1

U.S.C. § 1681 *et seq.* Defendant denies that it violated any such statute.

2. Answering Paragraph 2 of the Complaint Defendant admits that Plaintiff asserts that she brings an action for damages for violation of the FDCPA, Rosenthal Act and FCRA. Defendant denies that it is liable for any such damages.

3. Answering Paragraph 3 of the Complaint, Defendant admits that jurisdiction would have been proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) and supplemental jurisdiction pursuant to 15 U.S.C. § 1367 if Plaintiff had a claim, but denies that Plaintiff has any such claim. Defendant has insufficient information to either admit or deny the remainder of said allegations, and on that basis, denies same

4. Answering Paragraph 4 of the Complaint, Defendant has insufficient information to either admit or deny said allegations, and on that basis, denies same.

5. Answering Paragraph 5 of the Complaint, Defendant admits each and every allegation.

6. Answering Paragraph 6 of the Complaint, Defendant admits that jurisdiction and venue would be proper in this Court if Plaintiff had a valid claim, but denies that Plaintiff has any such claim.

7. Answering Paragraph 7 of the Complaint, Defendant has insufficient information to either admit or deny said allegations, and on that basis, denies same.

8. Answering Paragraph 8 of the Complaint, Defendant admits that it is a limited liability company. Defendant has insufficient information to either admit or deny the remainder of said allegations, and on that basis, denies same.

9. Answering Paragraph 9 of the Complaint, Defendant admits that it uses instrumentalities of interstate commerce or the mails to collect debts. Defendant has insufficient information to either admit or deny the remainder of said allegations, and on that basis, denies same.

10. Answering Paragraph 10 of the Complaint, Defendant has insufficient information to either admit or deny said allegations, and on that basis, denies same.

1  11.  Answering Paragraph 11 of the Complaint, Defendant has insufficient
2  information to either admit or deny said allegations, and on that basis, denies same.
3  12.  Answering Paragraph 12 of the Complaint, Defendant has insufficient
4  information to either admit or deny said allegations, and on that basis, denies same.
5  13.  Answering Paragraph 13 of the Complaint, Defendant has insufficient
6  information to either admit or deny said allegations, and on that basis, denies same.
7  14.  Answering Paragraph 14 of the Complaint, Defendant has insufficient
8  information to either admit or deny said allegations, and on that basis, denies same.
9  15.  Answering Paragraph 15 of the Complaint, Defendant has insufficient
10 information to either admit or deny said allegations, and on that basis, denies same.
11 16.  Answering Paragraph 16 of the Complaint, Defendant has insufficient
12 information to either admit or deny said allegations, and on that basis, denies same.
13 17.  Answering Paragraph 17 of the Complaint, Defendant incorporates
14 paragraphs 1-16 of its answer.
15 18.  Answering Paragraph 18 of the Complaint, Defendant has insufficient
16 information to either admit or deny said allegations, and on that basis, denies same.
17 19.  Answering Paragraph 19 of the Complaint, Defendant has insufficient
18 information to either admit or deny said allegations, and on that basis, denies same.
19 20.  Answering Paragraph 20 of the Complaint, Defendant denies each and
20 every allegation.
21 21.  Answering Paragraph 21 of the Complaint, Defendant denies each and
22 every allegation.
23 22.  Answering Paragraph 22 of the Complaint, Defendant denies each and
24 every allegation.
25 23.  Answering Paragraph 23 of the Complaint, Defendant denies each and
26 every allegation.
27 24.  Answering Paragraph 24 of the Complaint, Defendant denies each and
28 every allegation.

1  25. Answering Paragraph 25 of the Complaint, Defendant incorporates
2  paragraphs 1-24 of its answer.
3  26. Answering Paragraph 26 of the Complaint, Defendant has insufficient
4  information to either admit or deny said allegations, and on that basis, denies same.
5  27. Answering Paragraph 27 of the Complaint, Defendant has insufficient
6  information to either admit or deny said allegations, and on that basis, denies same.
7  28. Answering Paragraph 28 of the Complaint, Defendant denies each and
8  every allegation.
9  29. Answering Paragraph 29 of the Complaint, Defendant denies each and
10 every allegation.
11 30. Answering Paragraph 30 of the Complaint, Defendant denies each and
12 every allegation.
13 31. Answering Paragraph 31 of the Complaint, Defendant denies each and
14 every allegation.
15 32. Answering Paragraph 32 of the Complaint, Defendant denies each and
16 every allegation.
17 33. Answering Paragraph 33 of the Complaint, Defendant incorporates
18 paragraphs 1-32 of its answer.
19 34. Answering Paragraph 34 of the Complaint, Defendant has insufficient
20 information to either admit or deny said allegations, and on that basis, denies same.
21 35. Answering Paragraph 35 of the Complaint, Defendant has insufficient
22 information to either admit or deny said allegations, and on that basis, denies same.
23 36. Answering Paragraph 36 of the Complaint, Defendant has insufficient
24 information to either admit or deny said allegations, and on that basis, denies same.
25 37. Answering Paragraph 37 of the Complaint, Defendant denies each and
26 every allegation.
27 38. Answering Paragraph 38 of the Complaint, Defendant denies that it
28 violated the FCRA. Defendant has insufficient information to either admit or deny

1  the remainder of said allegations, and on that basis, denies same.

2      39. Answering Paragraph 39 of the Complaint, Defendant denies each and
3  every allegation.

4      40. Answering Paragraph 40 of the Complaint, Defendant incorporates
5  paragraphs 1-39 of its answer.

6      41. Answering Paragraph 41 of the Complaint, Defendant has insufficient
7  information to either admit or deny said allegations, and on that basis, denies same.

8      42. Answering Paragraph 42 of the Complaint, Defendant has insufficient
9  information to either admit or deny said allegations, and on that basis, denies same.

10     43. Answering Paragraph 43 of the Complaint, Defendant has insufficient
11 information to either admit or deny said allegations, and on that basis, denies same.

12     44. Answering Paragraph 44 of the Complaint, Defendant asserts that this
13 paragraph makes no allegations with respect to Defendant.

14     45. Answering Paragraph 45 of the Complaint, Defendant asserts that this
15 paragraph makes no allegations with respect to Defendant.

16     46. Answering Paragraph 46 of the Complaint, Defendant has insufficient
17 information to either admit or deny said allegations, and on that basis, denies same.

18     47. Answering Paragraph 47 of the Complaint, Defendant has insufficient
19 information to either admit or deny said allegations, and on that basis, denies same.

20     48. Answering Paragraph 48 of the Complaint, Defendant asserts that this
21 paragraph makes no allegations with respect to Defendant.

22     49. Answering Paragraph 49 of the Complaint, Defendant has insufficient
23 information to either admit or deny said allegations, and on that basis, denies same.

24     50. Answering Paragraph 50 of the Complaint, Defendant denies each and
25 every allegation.

26     51. Answering Paragraph 51 of the Complaint, Defendant denies each and
27 every allegation.

28 ///

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance with Statute)

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Reasonableness and Good Faith)

5. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant

were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## SIXTH AFFIRMATIVE DEFENSE
### (Bad Faith Claims)

6.  The allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit as against Defendant. Plaintiffs have brought this action against Defendant in bad faith.

## SEVENTH AFFIRMATIVE DEFENSE
### (Defendant May Recover for Plaintiff's Bad Faith Claim)

7.  Plaintiff's Complaint and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover his reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority, including but not limited to *California Code of Civil Procedure* sections 128.5 and 128.7

## EIGHTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

8.  As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (No Causation)

9.  Plaintiff is barred from any recovery or relief against Defendant because Defendant was not the actual or proximate cause of any of the damages, if any, alleged in the Complaint.

06998.00/181011

ANSWER TO COMPLAINT
CASE NO. 5:11-cv-01824-JHN-SP

**TENTH AFFIRMATIVE DEFENSE**

**(No Knowledge, Participation, Approval or Ratification)**

10. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant are barred because Defendant had no knowledge of, nor did it participate in, approve of or ratify any of the alleged misconduct of any other Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Independent Intervening Cause)**

11. Defendant is informed, and believes and thereon alleges, that any damages allegedly sustained by Plaintiff were caused by the actions and/or omissions of someone other than Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

12. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

13. Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

14. The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief

sought thereby.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.    Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of their inexcusable and unreasonable delay in filing her Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

16.    As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to California Civil Code § 47.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

17.    As a separate, affirmative defense, Defendant alleges that Plaintiff has suffered no actual damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Economic Damages)

18.    As a separate, affirmative defense, Defendant alleges that Plaintiff has suffered no economic damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Due Process)

19.    As a separate, affirmative defense, Defendant alleges that the imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the United States Constitution.

/ / /

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE
### (Consent)

20. If any acts or omissions of Defendant are proved, which the Defendant expressly deny occurred, then such acts or omissions were provoked by Plaintiff, and done with the consent, express and implied, of Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Permissible Purpose)

21. As a separate, affirmative defense, Defendant alleges any credit inquiry it made with respect to Plaintiff was pursuant to a permissible purpose.

## TWENTY SECOND AFFIRMATIVE DEFENSE
### (Maintained Reasonable FCRA procedures)

22. As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the Complaint, maintained reasonable procedures created to prevent any violations of the Fair Credit Reporting Act ("FCRA") and Defendant's conduct was reasonable thereby preventing any finding of negligent on intentional conduct under the FCRA.

## TWENTY T THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

23. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the SAC, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Punitive Damages Under FDCPA or Rosenthal Act)

24. As a separate, affirmative defense, Defendant alleges that Plaintiff is not entitled to punitive damages under the FDCPA or Rosenthal Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

25. As a separate, affirmative defense, Defendant alleges that Plaintiff's Rosenthal Act claim is preempted by the FCRA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (FDCPA and Rosenthal Act Statutory Damages Are Limited)

26. As a separate, affirmative defense, Defendant alleges that statutory damages under the FDCPA and Rosenthal Act are limited to $1,000 per action (i.e., "lawsuit").

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

27. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;
2. For judgment in favor of Defendant, and against Plaintiff;
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Whereby Defendant demands a trial by jury.

DATED: January 23, 2012               **CARLSON & MESSER LLP**

By: /s/ Stephen A. Watkins
David J. Kaminski
Stephen A. Watkins
Attorneys for Defendants,
REDLINE RECOVERY SERVICES, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **January 23, 2012**, I served the foregoing document(s) described as: **DEFENDANT REDLINE RECOVERY SERVICES, LLC'S ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

[ ]  **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

[ ]  **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 23rd day of January 2012 at Los Angeles, California.

Linda Brooks

---
PROOF OF SERVICE

## SERVICE LIST
### Joscelin B. Thomas, Pro Se v. Redline Recovery Services, LLC
### File No.: 06998.00

Joscelin B. Thomas                    IN PRO SE'
14626 Red Gum Street
Moreno Valley, CA
dlthomas32@gmail.com