

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Joscelin B. Thomas, | ) | 5:11-cv-01824-JHN-SPx |
| Plaintiff(s) | ) | |
| | ) | **ORDER FOR RULE 26 JOINT** |
| v. | ) | **SCHEDULING REPORT** |
| | ) | |
| Redline Recovery Services LLC, | ) | |
| Defendant(s). | ) | Deadline to File Joint Report: |
| | ) | **February 21, 2012** |
| _____ | ) | |
| | ) | |

**READ THIS ORDER CAREFULLY.  IT DIFFERS IN SOME RESPECTS**

**FROM THE LOCAL RULES.**

    This case has been assigned to Judge Jacqueline H. Nguyen.  For initial case management in accordance with Rule 16(b) and Rule 26 of the Federal Rules of Civil Procedure, Judge Nguyen will review the Joint Report filed by counsel in accordance with Rule 26(f) and will issue a Trial Order thereafter.  Generally, no scheduling conference hearing is set, but counsel will be notified if the Court deems a scheduling conference hearing necessary.

    If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff shall <u>promptly</u> do so and shall file proofs of service within three days

revised 7/18/2010

thereafter.  Defendants also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter.

The parties are reminded of their obligations under Rule 26(a)(1) to disclose information (without awaiting a discovery request), and under Rule 26(f) to confer on a discovery plan and to file a "Joint Rule 26(f) Report" by the deadline set by the Court.  Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may result in the imposition of sanctions.

**Counsel should begin to conduct discovery actively prior to the due date for the Report, and at the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because with its Trial Order, the Court will impose deadlines to complete discovery.**

**The Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16.  "Counsel," as used in this order, includes parties appearing *in propria persona*.**

**1.** **<u>Joint Rule 26(f) Report</u>**

The Joint Rule 26(f) Report shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly.  "Jointly" contemplates a single report, regardless of the number of separately represented parties.  The Joint Rule 26(f) Report shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

a.   <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b.   <u>Subject matter jurisdiction</u>: a statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

c.   <u>Legal issues</u>: a brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

d.   Parties, evidence, etc.: a list of parties, percipient witnesses, and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e.   Damages: the realistic range of provable damages.

f.   Insurance: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

g.   Motions: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

h.   Manual for Complex Litigation: whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

i.   Status of discovery: a discussion of the present state of discovery, including a summary of completed discovery.

j.   Discovery plan: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery.  State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders.  A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

k.   Dispositive motions: a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

l.   Settlement: a statement of what settlement discussions or written communications have occurred (**excluding any statement of the terms discussed**) and a statement pursuant to Local Rule 16-15.4 selecting a settlement mechanism under that Rule.  Note: If a case is selected for the ADR Pilot Program, the parties may choose private mediation (at their own expense) instead, but the parties may **not** choose a settlement conference before the magistrate judge.  No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

m.   Trial estimate: a realistic estimate of the time required for trial and whether trial will be by jury or by the Court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.  If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, details regarding the estimate shall be provided.

n.   Trial counsel: the name(s) of the attorney(s) who will try the case.

o.   Independent expert or master: whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.  (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.)

p.   Proposed trial date: the preferred date for trial to commence.  The proposed date must fall on a Tuesday.  The parties should agree on a proposed trial date if possible.  Otherwise, counsel should provide the date preferred by each party.  Based on the parties' proposed dates, the Court will determine the trial date and set pretrial dates

accordingly.  The parties may, if they wish, also indicate proposed pretrial dates, including proposed discovery cut-off and motion cut-off dates.

q.    Other issues: a statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English-speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

**2.    Notice to be Provided by Counsel**

Plaintiff's counsel, or if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**3.    Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's trial order, which will contain the schedule that the Court sets after reviewing the Rule 26(f) Report.

**4.    Court's Website**

Copies of this and all other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judges' Procedures and Schedules."  Copies of the Local Rules are available on the website.

//

//

//

revised 7/18/2010                    5

1    The Court thanks the parties and their counsel for their anticipated

2    cooperation in complying with these requirements.

3
4    IT IS SO ORDERED.

5    Dated: January 24, 2012                    _____

6                                               Jacqueline H. Nguyen
                                                United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28