*Lodged First Amended Complaint*
*Proposed Order*

FILED

Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-616-0044
joscelin.thomas@gmail.com

2012 APR 13  AM 11: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joscelin B. Thomas<br>*Plaintiff*<br><br>V.<br><br>REDLINE RECOVERY<br>SERVICES, LLC;<br><br>GREGORY NAVARRO PAULA, as<br>an individual, President of<br>REDLINE RECOVERY<br>SERVICES, LLC<br>*Defendant* | Case No. 5:11-CV- 01824 JHN (SPx)<br><br>NOTICE OF MOTION AND MOTION<br>FOR LEAVE TO FILE FIRST<br>AMENDED COMPLAINT;<br>MEMORANDUM OF POINTS &<br>AUTHORITIES<br><br>Date: OCT 8., 2012<br>Time: 2:00 p.m.<br>Courtroom: 790 Roybal<br>Judge: Hon. Judge Jacqueline H. Nguyen |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1.      PLEASE TAKE NOTICE that on October 8, 2012, at 2:00 p.m., or as soon thereafter as

the matter can be heard, in the courtroom of the Honorable Jacqueline H. Nguyen, located at

312 North Spring St., Rm. 790 Roybal, Los Angeles, CA 90012, Plaintiff will, and hereby,

move for an order granting Plaintiff leave to file its First Amended Complaint and ordering

that the First Amended Complaint submitted with this motion be deemed filed.

2.      The motion will be based on this Notice of Motion and the Motion itself, the

Memorandum of Points and Authorities, and Plaintiff First Amended Complaint filed

1  herewith, [Proposed] Order filed herewith, all of the files and records of this action, and on

2  any additional material that may be elicited at the hearing of this motion.

3  3.      Plaintiff asks this Court to file herewith this proposed motion and noticed for a hearing

4  on the next open hearing date on March 14, 2012, at 2:00 p.m., as stated in above caption.

5

6

7  Date: April 13, 2012

8

9  Respectfully Submitted,

10

11

12  _____

Joscelin B. Thomas

13  14626 Red Gum Street

Moreno Valley, CA 92555

14  951-616-0044

joscelin.thomas@gmail.com

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

# I. INTRODUCTION

4.      The Court should grant Plaintiff's motion for leave to amend complaint because Plaintiff

meets the requirements under Fed. R. Civ. P. 15(c)(B) and (C) and because Plaintiff is a pro

se litigant.  Plaintiff's First Amended Complaint adds factual allegations of violations

committed by GREGORY NAVARRO PAULO (hereinafter "PAULO" or "Defendant"), to

add one count for violation of the Fair Debt Collection Practices Act ("hereinafter FDCPA")

15 U.S.C. § 1692 et seq., and to add one count for violation of the California Rosenthal Fair

Debt Collection Practice Act, California Civil Code § 1788 et seq., (hereinafter

"ROSENTHAL"), relating to Plaintiff previously asserted claims.  The Plaintiff claims are

based on information and belief that she has discovered since the filing of its original

complaint.

5.      Plaintiff's First Amended Complaint is timely, and does not cause any prejudice to

Defendants, and causes of action are plausible on its face.

# II. STATEMENT OF FACTS

6.      Plaintiff filed her initial lawsuit on November 11, 2011.  REDLINE RECOVERY

SERVICES, LLC ("REDLINE" or "Defendant") answered Plaintiff's complaint on

January 23, 2012.  Plaintiff has reserved his rights to amend pleadings and add parties;

Defendant agreed during our meet and confers about case management on or about

February 20, 2012.   Parties received an order/referral to ADR (No. 2) (mediation

Panel)(ADR No. 12).  Parties received Notice of Panel Mediator (ADR-11).

7.      Plaintiff has discovered additional information and violations from communications from

PAULO necessitating the filing of this First Amended Complaint.  Plaintiff's contacted

REDLINE counsel to seek written stipulation to the amendment pursuant to Federal Rule of Civil Procedure 15.

8.     However, REDLINE refuse to consent to the filing of this First Amended Complaint as of the time of this filing.  Accordingly, Plaintiff seeks an order permitting Plaintiff to file this proposed First Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## III. ARGUMENT

### A. Leave Should Be Granted To Amend the Complaint

#### 1. Leave Is Freely Granted

9.     Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCDPrograms, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice*

1    - *Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial

2    construction of Rule 15(a)."). The Ninth Circuit requires that this policy favoring

3    amendment be applied with "extreme liberality." *Morongo band of Mission Indians v. Rose,*

4    *893 F.2d 1074, 1079 (9th Cir. 19990).* The primary factors relied upon by the Supreme Court

5    and the Ninth Circuit in denying a motion for leave to amend is "bad faith, undue delay,

6    prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at

7    186. None of these factors are present here.

### B. Amendment Should Be Permitted

10.    Plaintiff's First Amended Complaint is timely and should be allowed. The Plaintiff has

reserved his rights to amend pleadings and add parties; However, REDLINE refuse to

consent to the filing of this First Amended Complaint as of the time of this filing. As of to

date the courts has not ordered a cut-off to amend pleadings and add parties. This motion is

being filed prior to any deadlines ordered by this court. Furthermore, Plaintiff falls well

within the liberal standard for freely allowing the amendment of pleadings. See *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory

motive on the part of the movant . . . undue prejudice to the opposing party by virtue of

allowance of the amendment . . .the leave sought should, as the rules require, be 'freely

given.'").

11.    REDLINE will not be prejudiced by an order granting leave to file Plaintiff's First

Amended Complaint. Moreover, Plaintiff offers its First Amended Complaint in good faith

and without undue delay. Since filing its original complaint, Plaintiff has discovered

violations and information regarding PAULO communications with Plaintiff.

12.     These asserted violations supports Plaintiff's new claim under the FDCPA and Rosenthal as well as Plaintiff's assertion of additional details in support of its previously asserted claims. *See Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

13.     In sum, Plaintiff's First Amended Complaint was filed timely and in good faith, contains claims similar to those originally asserted and does not prejudice REDLINE in any way. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here.  Thus, Plaintiff's motion for leave should be granted.

## IV. CONCLUSION

14.     For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the proposed Motion of First Amended Complaint.

DATED:  April 13, 2012

Respectfully Submitted,

Joscelin B. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-616-0044
joscelin.thomas@gmail.com

# CERTIFICATE OF SERVICE

I, Joscelin B. Thomas ("Plaintiff"), do hereby certify that on April 13, 2012, a copy

of the foregoing document was sent via U.S Mail to:


CARLSON & MESSER, L.L.P.
Attn: Stephen A Watkins/David J. Kaminski
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA. 90045


Joscelin B. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
joscelin.thomas@gmail.com
951-616-0044

Name: Joscelin B. Thomas

Address: 14626 Red Gum St.

Moreno Valley, CA 92555

Phone: 951-616-0044

Fax: None

In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Joscelin B. Thomas | CASE NUMBER: |
|---|---|
| | 5:11 CV-01824 JHN (SPx) |
| Plaintiff | |
| v. | |
| Redline Recovery Services, LLC; GREGORY NAVARRO | PROPOSED ORDER TO FILE FIRST AMENDED |
| PAULO, as an individual, President of Redline | COMPLALINT |
| Defendant(s). | |

   Pending before the Court is Plaintiff Notice of Motion and Motion to Amend Complaint.  The Court finds that the Motion to Amend Complaint should be GRANTED.

It is therefore ORDERED that Plaintiff Motion to Amend Complaint is GRANTED.

It is SO ORDERED.

_____

DATE                                        HONORABLE JUDGE Jacqueline H. Nguyen

CV-127 (09/09)                          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT