Joscelin B. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-616-0044
joscelin.thomas@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joscelin B. Thomas<br>Plaintiff<br><br>v.<br><br>REDLINE RECOVERY SERVICES, LLC;<br><br>GREGORY NAVARRO PAULA, as an individual, President of REDLINE RECOVERY SERVICES, LLC<br>Defendant | Case No. 5:11-CV- 01824 JHN (SPx)<br><br>**First Amended Complaint**<br><br>Date: Oct 8, 2012<br>Time: 2:00 p.m.<br>Courtroom: 790 Roybal<br>Judge: Hon. Judge Jacqueline H. Nguyen |

## INTRODUCTION

1. This is an action brought for damages out of violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. (hereinafter "ROSENTHAL, and Fair Credit Reporting Act 15 U.S.C. § 1681, et seq., by and through REDLINE RECOVERY SERVICES, LLC.

///

///

///

## PRELIMINARY STATEMENT

2. This is an action for damages for the violation of the FDCPA; damages for violation of the ROSENTHAL; damages for violation of the, FCRA.

## JURISDICTION and VENUE

3. This court has Jurisdiction pursuant to 15 U.S.C. § 1692k (d), § 1681p, 28 U.S.C. § 1331, and 28 U.S.C § 1367, any claim under the state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b).

5. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California

6. Venue is proper in the Central District of California

## PARTIES

7. The Plaintiff in this lawsuit is Joscelin B. Thomas, (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County, California.

8. The Defendant in this lawsuit is Redline Recovery Services, LLC ("REDLINE" or "Defendant") who is an unknown entity with offices at 5959 Corporate Drive, Suite 1400, Houston, TX 77036, who transacts business as a debt collector in Riverside County, California.

9. The Defendant in this lawsuit is Gregory Navarro Paulo (hereinafter "Paulo" or "Defendant") who is an individual, President of REDLINE. Individually, and within his capacity as President of REDLINE, Paulo formulated, directed, and controlled the acts and practices of REDLINE, including the acts and practices alleged herein. At all times, relevant to this complaint, Defendant Paulo, individually and acting through REDLINE is liable as a debt collector, has transacted business in Riverside County, California.

10. Paulo is liable because "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11. Furthermore, "most district courts that have addressed the issue have held That the corporate structure does not insulate shareholders, officers, or directors from Personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy,* 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney*, P.C., 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs.*, Ltd., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004).

## FACTUAL ALLEGATIONS
## VIOLATION OF FDCPA and ROSENTHAL

12. Plaintiff is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a (3), a debtor as defined in Cal. Civil Code § 1788.2(h).

13. On information and belief, Defendants attempted to collect an alleged debt, as defined in 15 U.S.C. §1692a (5) and Cal. Civil Code § 1788.2(d), in Riverside County from Plaintiff.

14. On information and belief, Defendants are debt collector as defined in 15 U.S.C. §1692a (6) and a collection agency as defined in Civil Code § 1788.2(c).

15. Defendants attempted to collect a non-existent alleged debt.

16. At a time unknown, Defendants acquired information regarding an alleged obligation that Plaintiff allegedly occurred.

17. Defendants used instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debt, and/or regularly collects or attempts

to collect, directly or indirectly, debts owed or due, or asserted to be owed or due by or to another person or entity.

18. In connection with an alleged debt, REDLINE sent an initial written communication notice to Plaintiff on or about Jan. 18, 2011, in which REDLINE provided Plaintiff with a notice required pursuant to 15 U.S.C. § 1692g(a)(4) and § 1692g(a)(5) in a confusing and improper manner. REDLINE stated, in relevant part, as follows:

*"Because your account is in default, the entire amount of $1,189.29 is due. Failure to make payment will result in our agency's continued collection efforts".*

19. The communication notice sent on or about Jan. 18, 2011, led Plaintiff to believe that this alleged amount is due "NOW", payment in full, REDLINE failed to meaningfully convey the required disclosures, therefore constituting an unfair and deceptive act in connection with the collection of an alleged debt. (15 U.S.C. § 1692e(10), § 1692g(a)(4) and § 1692g(a)(5)).

20. In connection with the collection of an alleged debt, REDLINE sent Plaintiff an initial notice communication on or about Jan. 18, 2011, in which REDLINE stated, in relevant part, as follows:

*"As of the date of this letter, you owe $ 1,189.29. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment."*

21. REDLINE attempted to collect on undisclosed fees of an alleged debt. REDLINE's notice brought more confusion and overshadowed, there notice were inconsistent with the

disclosure required by (15 U.S.C. § 1692e(10), § 1692e(2), § 1692g(a)(4) and § 1692g(a)(5)) and others.

22. Plaintiff sent a cease and desist notice as well as a dispute and demand for validation of the alleged debt to REDLINE, on or about Feb. 17, 2011, sent by Certified Mail Return Receipt # 7010 0780 0000 3363 9944, and received by REDLINE on or about Feb. 22, 2011.

23. Paulo mailed a communication notice to Plaintiff dated October 11, 2011, attempting to collect an alleged debt that Plaintiff never owed to REDLINE. Paulo knew or should have known Plaintiff did not owe REDLINE any money. The notice sent by Paulo was in a deceptive and misleading manner, where it had two or more meanings, to confuse the least sophisticated consumer. Paulo notice had dates of an alleged account being place to REDLINE were false, misleading and deceptive. Paulo notice to Plaintiff was not written in a manner in which the least sophisticated consumer could interpret the meaning, that REDLINE may or may not be collecting on an alleged debt, which is in violation of FDCPA, 15 U.S C. § 1692e, et seq.

24. Paulo written communication dated October 11, 2011 to Plaintiff failed to include a total amount due, and how it may be determined if the demand for payment included add-on expenses like attorney fees or collection cost. Paulo knew or should have known the notice was false, misleading and hid the true character of the alleged debt, by failing to provide supporting documentation to substantiate an alleged debt, thereby impairing Plaintiff's ability to knowledgably assess the validity of the alleged debt, in violation of the FDCPA, 15 U.S C. § 1692e, et seq.

25. In this instance, through the means described in Paragraphs 11-24, in the course of collection of a non-existent alleged debt from Plaintiff, Paulo, directly and indirectly, has represented to

Plaintiff, expressly or by implication, that the alleged debt was valid and that Plaintiff had an obligation to pay the alleged debt.

26. In truth and in fact, in this instance the material representations set forth in paragraph 11-24 is false or Paulo did not have a reasonable basis for the representation at the time the representation was made.

27. Therefore, the representation set forth in Paragraph 11-24 was false or misleading and constitutes deceptive acts or practices in violation of FDCPA, 15 U.S C. § 1692e, et seq.

28. Paulo had the authority to control and direct the debt collection activity of REDLINE, or has participated in the misrepresentation and other misconduct of REDLINE in connection with the collection of an alleged debts, and knew or should have known of the misrepresentation and other misconduct of REDLINE.

29. Upon information and belief Paulo's and REDLINE's actions constitute conduct highly offensive to a reasonable person, and as a result of Paulo's and REDLINE's violations, Paulo and REDLINE are liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## COUNT I
## VIOLATION OF THE FCDPA 15 U.S.C. § 1692
### By Defendant RELINE and Paulo

30. Plaintiff restates and re-alleges herein all previous paragraphs 1-29.

31. Plaintiff is a consumer pursuant to 15 U.S.C. § 1692a(3)

32. REDLINE and Paulo are debt collectors pursuant to 15 U.S.C. § 1692a(6).

33. In this instance, through the means described in Paragraphs 11-24, in the course of collection of a non-existent alleged debt from Plaintiff, Paulo, directly and indirectly, has represented to Plaintiff, expressly or by implication, that the alleged debt was valid and that Plaintiff had an obligation to pay the alleged debt.

FIRST AMENDED COMPLAINT   Page 6 of 11

34. In truth and in fact, in this instance the material representations set forth in paragraph 11-24 is false or Paulo did not have a reasonable basis for the representation at the time the representation was made.

35. Therefore, the representation set forth in Paragraph 11-24 was false or misleading and constitutes deceptive acts or practices in violation of FDCPA, 15 U.S C. § 1692e, et seq.

36. Paulo had the authority to control and direct the debt collection activity of REDLINE, or has participated in the misrepresentation and other misconduct of REDLINE in connection with the collection of an alleged debts, and knew or should have known of the misrepresentation and other misconduct of REDLINE.

37. REDLINE and Paulo violated 15 U.S.C § 1692e(2) by the use of any false and representation of character, amount, or legal status of the alleged debt.

38. REDLINE and Paulo violated 15 U.S.C § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken.

39. REDLINE and Paulo violated 15 U.S.C § 1692e(10) by the use of false representation or deceptive means to collect or attempt to collect a alleged debt or obtain information concerning a consumer.

40. REDLINE and Paulo violated 15 U.S.C § 1692 f(1) Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

41. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C § 1692(k).

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant individually, REDLINE and Paulo for actual or statutory damages attorney's fees, and cost, pursuant to 15 U.S.C. § 1692(k).

## COUNT II
## VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788 et seq.
### By Defendant REDLINE

42. Plaintiff re-alleges the allegation set forth in paragraph 1-29.

43. REDLINE and Paulo are debt collectors, means any person who in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection, Pursuant to 1788.2(C).

44. REDLINE and Paulo are subject to the Rosenthal Fair Debt Collection Act (Civil Code § 1788-§ 1788.33 et. seq.)

45. In this instance, through the means described in Paragraphs 11-24, in the course of collection of a non-existent alleged debt from Plaintiff, Paulo, directly and indirectly, has represented to Plaintiff, expressly or by implication, that the alleged debt was valid and that Plaintiff had an obligation to pay the alleged debt.

46. In truth and in fact, in this instance the material representations set forth in paragraph 11-24 is false or Paulo did not have a reasonable basis for the representation at the time the representation was made.

47. Therefore, the representation set forth in Paragraph 11-24 was false or misleading and constitutes deceptive acts or practices in violation of FDCPA, 15 U.S.C. § 1692e, et seq.

48. Paulo had the authority to control and direct the debt collection activity of REDLINE, or has participated in the misrepresentation and other misconduct of REDLINE in connection with the collection of an alleged debts, and knew or should have known of the misrepresentation and other misconduct of REDLINE.

49. REDLINE and Paulo violated 15 U.S.C § 1692e(2) as incorporated by Rosenthal 1788.17, by the use of any false and representation of character, amount, or legal status of the alleged debt.

50. REDLINE and Paulo violated 15 U.S.C § 1692e(5) as incorporated by Rosenthal 1788.17, by threat to take any action that cannot legally be taken or that is not intended to be taken.

51. REDLINE and Paulo violated 15 U.S.C § 1692e(10), as incorporated by Rosenthal 1788.17, the use of any false and representation or deceptive means to collect or attempt to collect a alleged debt or obtain information concerning a consumer.

52. REDLINE and Paulo violated 15 U.S.C § 1692 f(1), as incorporated by Rosenthal 1788.17, Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

53. REDLINE violated Rosenthal 1788.13(l) any communication by a license collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant individually, REDLINE and Paulo for actual or statutory damages attorney's fees, and cost, pursuant to Cal. Civil Code § 1788.30(b).

### FACTS OF VIOLATION OF FCRA

54. Plaintiff restates and re-alleges herein all previous paragraphs 1-53.

55. Plaintiff obtained her consumer credit report from Experian and found an entry indicating an unknown entity, which was the defendant in this action.

56. Plaintiff found after examination of her Experian consumer report that Defendant REDLINE had obtained Plaintiff's Experian consumer report in January 2011.

57. Discovery of the violation of impermissible purpose brought forth herein occurred on or about May 2011 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1681p.*

58. REDLINE was in violation of the Fair Credit Reporting Act 15 U.S.C. § 1681b by obtaining Plaintiff's credit report without a permissible purpose. At the time that

REDLINE obtained Plaintiff's credit report, none of the specific and strictly limited circumstances that allow permissible purpose under section 1681(b) applied to REDLINE.

### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT By Defendant REDLINE

59. Plaintiff restates and re-alleges herein all previous paragraphs 1-58.

60. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

61. Experian is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).

62. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

63. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

64. Such permissible purpose as defined by 15 U.S.C. § 1681b are generally, if the consumer makes and application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona-fide offer of credit as a result of the inquiry.

65. Plaintiff has never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from REDLINE to acquire consumer report from any credit reporting agency.

66. At no time did Plaintiff give consent for REDLINE to acquire consumer credit report from any credit reporting agencies.

67. On or about Jan. 10, 2011 REDLINE obtained the Experian consumer credit report from the Plaintiff with no permissible purpose, which is in violation of FCRA 15 U.S.C. § 1681b.

68. The action of REDLINE of obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE**, Plaintiff demands judgment for damages against RED for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n.

### DEMAND FOR TRIAL by JURY

Plaintiff here by DEMANDS a trial by jury of all issues as a matter of law.

Date:

_____
Joscelin B. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
joscelin.thomas@gmail.com

## **CERTIFICATE OF SERVICE**

I, Joscelin B. Thomas ("Plaintiff"), do hereby certify that on April 13, 2012, a copy of the foregoing document was sent via U.S Mail to:

CARLSON & MESSER, L.L.P.
Attn: Stephen A Watkins/David J. Kaminski
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA. 90045

 

 

_____
Joscelin B. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
joscelin.thomas@gmail.com
951-616-0044