DAVID J. KAMINSKI (SBN 128509)
kaminskd@cmtlaw.com
STEPHEN A. WATKINS (SBN 205175)
Watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
REDLINE RECOVERY SERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS, Pro se;    ) | CASE NO. 11-cv-01824-MWF-SP |
| Plaintiff,    ) | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs.    ) | |
| REDLINE RECOVERY SERVICES, LLC, Does 1-10    ) | Date:     October 15, 2012 |
| Defendants.    ) | Time:     10:00 a.m. |
|    ) | Crtm:     1600 |
|    ) | Hon. Michael W. Fitzgerald |

TO PLAINTIFF, PRO SE:

PLEASE TAKE NOTICE that on October 15, 2012 at 10:00 a.m., or as soon thereafter as a matter may be heard in Courtroom 1600 of the above-entitled Court located at 312 N. Spring Street Los Angeles, CA 90012, Defendant REDLINE RECOVERY SERVICES, LLC ("Redline") will and hereby does move for summary judgment on Plaintiff JOSCELIN THOMAS ("Plaintiff")'s Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**1**

("FDCPA") Rosenthal Act, *Cal. Civ. Code* § 1788 *et seq.*, and  Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*("FCRA").  This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure in that there is no genuine issue of material fact, and Redline is entitled to summary judgment as a matter of law, in that:

(1)   Plaintiff's First Cause of Action for Violation of the FDCPA and Second Cause of Action under the Rosenthal Act fail as a matter of law because Redline was assigned a valid debt for collection and there is no duty to verify a debt prior to collection;

(2)   Plaintiff's First Cause of Action for Violation of the FDCPA and Second Cause of Action under the Rosenthal Act fail as a matter of law because Redline's only collection letter to Plaintiff contained "safe harbor" language approved by the Seventh Circuit;

(3)   Plaintiff's First Cause of Action for Violation of the FDCPA and Second Cause of Action under the Rosenthal Act fail as a matter of law because Redline's only collection letter to Plaintiff contained no misleading language;

(4)   Plaintiff's Third Cause of Action for Willful Violation of the FCRA fails because Redline intended to make a credit inquiry on an account initiated by Plaintiff pursuant to collection or a business need;

(5)   Plaintiff's Third Cause of Action for Willful Violation of the FCRA fails because Redline did not act knowingly or recklessly;

This motion is made following the conference of counsel pursuant to Local Rule. 7-3 which took place beginning on August 21, 2012.  This motion is further based upon this Notice, upon the attached Memorandum of Points and Authorities, upon the Declaration of John J. Powers, Declaration of Stephen A. Watkins, upon the Separate Statement of Uncontroverted Facts and Conclusions of Law and Proposed Order granting Summary Judgment, upon the complete records and file of

1 | the Court, and upon such other further evidence that may be presented at the time of
2 | hearing on this matter.

3

4 | DATED:  September 17, 2012          CARLSON & MESSER LLP

5

6

7 |                                    By: /s/ David J. Kaminski
8 |                                    David J. Kaminski
     |                                    Stephen A. Watkins
9 |                                    Attorneys for Defendants
     |                                    REDLINE RECOVERY SERVICES, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page Nos.

I.  INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  Redline's Collection Attempts Were Proper Because Plaintiff Owed the Debt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1.  The Balance on Plaintiff's Account Was Valid . . . . . . . . . . . . 2

            a.  Plaintiff Opens Account With GE Money Bank. . . . . . . 2

            b.  Plaintiff's Account Sold to ARS. . . . . . . . . . . . . . . . . 3

            c.  ARS Assigns Plaintiff's Account to Redline for Collection. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.  Redline Had No Duty to "Verify" Plaintiff's Account Prior to Plaintiff's Dispute of Her Account. . . . . . . . . . . . . . . . 4

    B.  Redline's Communications With Plaintiff Were Not Misleading or Confusing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.  Redline's January 12, 2011 Letter Falls within Safe Harbor Language. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.  Redline's January 12, 2011 Letter Was Not Otherwise Misleading . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.  Redline's Letters Did Not Make a Material Misrepresentation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.  Plaintiff's Claim that Redline Failed to Cease and Desist Lacks Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    E.  Plaintiff's Claim Under the Rosenthal Act.Fails . . . . . . . . . . . . . 8

    F.  Plaintiff's Claim That Redline Pulled Her Credit Without a Permissible Purpose Lacks Merit . . . . . . . . . . . . . . . . . . . . . . 9

        1.  Redline Had a Permissible Purpose . . . . . . . . . . . . . . . . . 9

            a.  Debt Collection is a Permissible Purpose under Section 1681b(a)(3)(A)  . . . . . . . . . . . . . . . . . 9

            b.  Debt Collection is a Permissible Purpose under Section 1681b(3)(F)  . . . . . . . . . . . . . . . . . . . . 9

i

2.    The Documents in Redline's Possession Asserted that Plaintiff's Debt Arose From a Credit Transaction Initiated by Plaintiff  .10

3.    Redline Intended to Seek Plaintiff's Credit Information for Collection of Account of Plaintiff........................ 10

4.    Any Argument That Redline Was Not "Involved" in Transaction Originating the Debt is Irrelevant....................... 11

5.    Plaintiff's Claim That Her Account Was Not "Account" Under FCRA is Irrelevant ........................ 11

G.    Redline Did Not Willfully Violate the FCRA ................. 13

1.    Redline's Credit Inquiry Was Not Knowing............. 13

2.    Redline's Credit Inquiry Was Not Reckless.............. 13

IV.    CONCLUSION ....................................... 14

# TABLE OF AUTHORITIES

Page Nos.

*Allen v. Kirkland & Ellis,*
    1992 U.S. Dist. LEXIS 12383(N.D. Ill. Aug. 14, 1992).. . . . . . . . . . . . . . .9

*Almaraz v. Universal Marine Corp.,*
    472 F.2d 123, 124 (9th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...7

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Barnes v. Advanced Call Center Technologies, LLC,*
    493 F.3d 838 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Benson v. Hafif,* 1997 U.S. App. LEXIS 11542
    (9th Cir. Cal. May 15, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Bernardi v. JPmorgan Chase Bank, N.A.,*
    2012 U.S. Dist. LEXIS 85666 (N.D. Cal. June 20, 2012) . . . . . . . . . . . 5, 6, 8

*Burns v. Bank of Am.*
    2008 U.S. Dist. LEXIS 98335 (S.D.N.Y. Dec. 4, 2008). . . . . . . . . . . . . . . 20

*Department of Commerce v. U.S. House of Representatives*
    525 U.S. 316 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cazares v. Household Fin. Corp.*
    (D.Ca.2005) 2005 U.S. Dist. LEXIS 39222. . . . . . . . . . . . . . . . . . . . . . . . .17

*Celotex Corp. v. Catrett*
    (1986) 477 U.S. 317 . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*California Casualty Indem. Exchange v. United States,*
    74 F. Supp. 401, 404 (D. Cal. 1947). . .. . . . . . . . . . . . . . . . . . . . . . . . . ..15

*Camacho v. Automobile Club of Southern California*
    (2006) 142 Cal. App. 4th 1394. . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Catalfama v. Countrywide Home Loan*
    (2008) U.S. Dist. LEXIS 84058 (E.D. Cal. Sept. 3, 2008) . . . . . . . . . . . . . .20

*Clark v. Capital Credit & Collection Services, Inc.,*
    460 F.3d 1162 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Demaestri v. Asset Acceptance Capital Corp.,*
    2012 U.S. Dist. LEXIS 51305 (D. Colo. Mar. 14, 2012) . . . . . . . . . . . . . . 13

*Donohue v. Quick Collect, Inc.,*
    592 F.3d 1027 (9th Cir. Wash. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Drew v. Equifax Info. Servs., LLC,*
    2010 U.S. Dist. LEXIS 131643 (N.D. Cal. Dec. 3, 2010). . . . . . . . . . . 13-14

*Gates v. Asset Acceptance, LLC,*
    801 F. Supp. 2d 1044 (S.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gate-Way, Inc. v. Hillgren,*
    82 F. Supp. 546 (D. Cal. 1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Goray v. Unifund CCR Partners,*
    2007 U.S. Dist. LEXIS 89552 (D. Haw. Dec. 4, 2007). . . . . . . . . . . . . . . . 6

*Grant v. Unifund CCR Partners,*
    842 F. Supp. 2d 1234 (C.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Guerrero v. RJM Acquisitions, LLC,*
    499 F.3d 926 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Hernandez v. Reconstruct Co.,*
    2009 U.S. Dist. LEXIS 7168 (S.D. Cal. Feb. 2, 2009) . . . . . . . . . . . . . . . . . 4

*Hutton v. Law Offices of Collins & Lamore,*
    668 F.Supp.2d 1251 (S.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jacques v. Solomon & Solomon P.C.,*
    2012 U.S. Dist. LEXIS 118092 6,7 (D. Del. Aug. 21, 2012). . . . . . . . . . . . 4

*Jang v. A.M. Miller & Assocs.,*
    122 F.3d 480 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Korotki v. Attorney Services Corp.,*
    931 F. Supp. 1269, 1276 (D. Md. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Maresh v. Borenstein*
    2008 U.S. Dist. LEXIS 56665 (D. Colo. July 18, 2008) . . . . . . . . . . . . . . 3

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC,*
    214 F.3d 872 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Miller v. Wolpoff & Abramson, LLP*
    2007 U.S. Dist. LEXIS 66770 (N.D. Ind. Sept. 7, 2007). . . . . . . . . . . . . . 10, 12

*Misic v. Building Service Employees Health & Welfare Trust,*
    789 F.2d 1374 (9th Cir. Cal. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

*National Reserve Co. v. Metropolitan Trust Co.,*
    17 Cal. 2d 827 (Cal. 1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Olvera v. Blitt & Gaines, P.C.,*
    431 F.3d 285 (7th Cir. Ill. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

*Ostrander v. Unifund Corp.,*
    2008 U.S. Dist. LEXIS 25040 (W.D.N.Y. Mar. 28, 2008). . . . . . . . . . . . **12**

*Phillips v. Grendahl*

312 F.3d 357 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . 9

*Perretta v. Capital Acquisitions & Mgmt. Co.,*
2003 U.S. Dist. LEXIS 10070(N.D. Cal. May 5, 2003). . . . . . . . . . . . . . . 9

*Pintos v. Pac. Creditors Ass'n.*
565 F.3d 1106 (9th Cir. Cal. 2009)   . . . .  . . . . . . . . . . . . . . . . . . 10

*Safeco Ins. Co. of Am. v. Burr,*
551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). . . . . . . . . . . . 13, 14

*Shepherd-Salgado v. Tyndall Fed. Credit Union,*
2011 U.S. Dist. LEXIS 129128 (S.D. Ala. Nov. 7, 2011) . . . . . . .. . . . . . 11

*Slanina v. United Recovery Sys., LP,*
2011 U.S. Dist. LEXIS 121356  (M.D. Pa. Oct. 20, 2011) . . . . . . . . . . . . 4

*Trikas v. Universal Card Services Corp.,*
351 F. Supp.2d 37(E.D.N.Y. 2005)   . . . .  . . . . . . . . . . . . . . . . . . 10

*Thomas v. United States Bank, N.A.,*
325 Fed. Appx. 592 (9th Cir. 2009)   .  . . . . . . . . . . . . . . . . . . . 11, 13

*Wahl v. Midland Credit Management,*
556 F.3d 643 (7th Cir. Ill. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wood v. Midland Credit Mgmt.*
2005 U.S. Dist. LEXIS 31923 (C.D. Cal.July 29, 2005). . . . . . . . . . . . . . .20

**STATUTES** <u>Page Nos.</u>

**FEDERAL**

15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1692e (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1692e (10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1692f (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15 U.S.C. § 1692g (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692g (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 1681b(a)(3)(A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

15 U.S.C. § 1681b(3)(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 1681b(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FRCP 56(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATE**

*California Civil Code § 1788.13(l)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*California Civil Code § 1788.17.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Although Defendant Redline Recovery Services, LLC ("Redline") properly collected upon Plaintiff Joscelin Thomas's ("Plaintiff") debt, she has filed suit under several consumer protection statutes.  Plaintiff alleges that Redline violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), by making an inquiry into her credit pursuant to valid collection.  Plaintiff bases her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Rosenthal Act, *Cal. Civ.* § 1788 *et seq.*, on the grounds that she was somehow confused by Redline's attempt to collect upon her allegedly "non-existent" debt that she clearly owed.  Plaintiff's Complaint is groundless, and as shown below, based on the undisputed facts, Plaintiff's claims against Redline fail as a matter of law.

## II.     STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment, is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as well as to all or any part thereof."  F.R.C.P. Rule 56(b).

Summary Judgment is to be rendered forthwith when one party is unable to show a genuine issue as to a material fact on which that party will bear the burden of proof at trial. *(Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316 (1999).)  A genuine issue of fact exists when the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party.  There must be evidence upon which a jury could reasonably find in the non-moving party's favor. *(Anderson vs. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).)  "A complete failure of proof concerning an essential element of the nonmoving party s case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 323.   Because there is no question of fact that Defendant is not liable for violations of the FDCPA, Rosenthal Act, or FCRA,

1

1   Defendant's motion for summary judgment should be granted.

2   **III.    ARGUMENT**

3       Plaintiff claims the following:

4       (1)    Redline violated the FDCPA and Rosenthal Act by collecting upon a

5              "non-existent" debt.

6       (2)    Redline's letters to Plaintiff made misrepresentations in violation of the

7              FDCPA/Rosenthal Act;

8       (3)    Redline failed to acknowledge her cease and desist request/dispute in

9              violation of the FDCPA/Rosenthal Act;

10      (4)    Redline did not have a "permissible purpose" to pull Plaintiff's credit

11             in violation of the FCRA;

12      (5)    Redline made a credit inquiry before sending a validation letter, in

13             alleged violation of the FCRA;

14      (6)    Plaintiff alleges that her account was not an "account" under the

15             FCRA, and therefore Redline could not have a permissible purpose of

16             "collection of an account" under the FCRA.

17  **A.    Redline's Collection Attempts Were Proper Because Plaintiff Owed the**

18  **Debt**

19      Plaintiff claimed that Redline's collection attempts upon her debt violated

20  sections 1692e, 1692e(5), 1692e(10) of the FDCPA and 1788.13(l) and 1788.17 of

21  the Rosenthal Act because it related to a "nonexistent debt." (Separate Statement

22  of Uncontroverted Facts ("SSUF") No. 1) As shown below, these claims fail as a

23  matter of law.

24      **1.    The Balance on Plaintiff's Account Was Valid**

25      **a.    Plaintiff Opens Account With GE Money Bank**

26      On or about January 2006 Plaintiff opened a GE Money Bank/Big O Tires

27  account  (SSUF No. 2) Plaintiff eventually defaulted on the account.   (SSUF No. 3)

28  GE Money Bank charged off Plaintiff's account on October 2009 (SSUF No. 4 )

2

**N OTICE OF MOTION AND**
                                                                     **MOTION FOR SUMMARY  JUDGMENT**
                                                                     CASE NO. 11-cv-01824-MWF-SP

1  At the time of charge-off, Plaintiff's balance was $1,059.44, and the Plaintiff's

2  annual periodic rate on her balance was 29.99%.  (SSUF No. 5-6).  The charging-off

3  of a debt for accounting purposes does not extinguish the debt.  *See Maresh v.*

4  *Borenstein*, 2008 U.S. Dist. LEXIS 56665 (D. Colo. July 18, 2008)(collecting on a

5  charged-off debt does not violate the FDCPA).

6      **b.    Plaintiff's Account Sold to ARS**

7      It is well settled that an assignee stands in the shoes of the assignor, and, if

8  the assignment is valid, has standing to assert whatever rights the assignor

9  possessed.  *Misic v. Building Service Employees Health & Welfare Trust,* 789 F.2d

10  1374, 1378 (9th Cir. Cal. 1986); *Gate-Way, Inc. v. Hillgren,* 82 F. Supp. 546, 555

11  (D. Cal. 1949).  Moreover, such an assignment can include the right to collect

12  interest. *See Olvera v. Blitt & Gaines*, P.C., 431 F.3d 285 (7th Cir. Ill.

13  2005)(holding that assignee of credit card debt could collect interest at the same

14  rates allowed to the original creditor).

15      GE Money Bank eventually sold Plaintiff's account to ARS (SSUF No. 7)

16  Therefore, ARS succeeded to the rights of GE Money Bank with respect to the

17  balance and interest on Plaintiff's account.

18      **c.    ARS Assigns Plaintiff's Account to Redline for Collection**

19      On January 10, 2011, ARS assigned Plaintiff's account  to Redline for

20  collection.  (SSUF No. 8)  ARS assigned a balance of $1,188.09 to Redline and

21  asserted that the interest rate on the account was 29.99%.  (SSUF Nos. 9-10)

22  Assuming a balance of $1,188.09 on January 10, 2011, and an annual interest rate of

23  29.99% interest (.08216% daily), by the end of the day on January 12, 2011,

24  Plaintiff's account balance would be $1,190.04.  (SSUF No.11)  On January 12,

25  2011, Redline sent Plaintiff requesting payment on behalf of ARS in the amount of

26  $1,189.29 (SSUF No. 12), which was less than the amount it could have charged

27  Plaintiff.

28      As shown above, Redline was assigned a valid account relating to Plaintiff

3

**N OTICE OF MOTION AND
MOTION FOR SUMMARY  JUDGMENT**
CASE NO. 11-cv-01824-MWF-SP

1   for collection.  Plaintiff has provided no evidence to the contrary save for her

2   speculation and unsupported arguments (SUF No. 15-16)  Therefore, her FDCPA

3   and Rosenthal Act claims in this regard fail as a matter of law.  *See Hernandez v.*

4   *Reconstruct Co.*, 2009 U.S. Dist. LEXIS 7168 (S.D. Cal. Feb. 2, 2009)( affirming

5   motion to dismiss FDCPA claim  because "[I]t appears that Plaintiff is just

6   speculating that [Defendant] lacks legal authority to foreclose on the Property due to

7   an invalid assignment of rights").

8       **2.    Redline Had No Duty to "Verify" Plaintiff's Account Prior to**

9           **Plaintiff's Dispute of Her Account**

10       Plaintiff claims that Redline's January 11, 2011 letter to her violated the

11   FDCPA and Rosenthal Act because she did not owe the debt and therefore it was a

12   "misrepresentation."  (SSUF No. 1).  Once a consumer disputes a debt, the debt

13   collector has a choice whether to verify the debt or cease collection efforts. 15

14   U.S.C. § 1692g(b);  *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th

15   Cir. 2007) (stating that "[n]othing in [§ 1692g(b)] suggests an independent

16   obligation to verify a disputed debt where the collector abandons all collection

17   activity with respect to the consumer"); *Jang v. A.M. Miller & Assocs.*, 122 F.3d

18   480, 482 (7th Cir. 1997)("When a collection agency cannot verify a debt, the statute

19   allows the debt collector to cease all collection activities at that point without

20   incurring any liability for the mistake.").

21       In line with the foregoing authority, Courts have held that there is no

22   violation of 1692e or 1692f for collection conduct prior to verification.  *See Slanina*

23   *v. United Recovery Sys., LP*, 2011 U.S. Dist. LEXIS 121356, 7-8 (M.D. Pa. Oct. 20,

24   2011); *Jacques v. Solomon & Solomon P.C.*, 2012 U.S. Dist. LEXIS 118092 at *6,7

25   (D. Del. Aug. 21, 2012).   Directly on point is *Slanina*, which held that sending a

26   collection letter on an alleged non-existent debt did not violate the FDCPA when it

27   was sent prior to a request for verification.  *Slanina*, 2011 U.S. Dist. LEXIS 121356,

28   at 7-8.  Just as in *Slainina*, Plaintiff claims that Redline's sending of its January 12,

4

1   2011 collection to her related to a "non-existent" debt, and therefore Redline

2   violated Section 1692e, e(5), e(10) and f(1).   (SSUF No. 1 )   As shown above,

3   Plaintiff clearly owed a debt  (SSUF Nos.  1-11, 15) Regardless, even if Redline was

4   mistaken, as set forth in *Guerrero* and *Jang*, there can be no liability for such a

5   letter.  Plaintiff's remedy was to request verification, which she did, within 30 days

6   of receiving Redline's letter.  (SSUF No. 13-14, 16).  Redline did not continue to

7   collect upon her account after she requested verification. (SSUF No. 17-18)

8        The only other action Redline took with respect to Plaintiff's account was to

9    send her a letter dated October 11, 2011 informing her that her account had been

10   closed.  (SSUF No.  17-18)   The FDCPA prohibits contacting a debtor who has

11   "notified a debt collector in writing that the consumer refuses to pay a debt . . . ."

12   irrespective of whether the statement is false under state law or otherwise. 15 U.S.C.

13   § 1692c(c).  One exception is ***to advise the consumer that the debt collector's***

14   ***further efforts are being terminated***.  *Clark v. Capital Credit & Collection*

15   *Services, Inc.*, 460 F.3d 1162, 1169 (9th Cir. 2006).  This is exactly what Redline's

16   October 11, 2011 letter did.

17        As Plaintiff clearly owed her "non-existent" debt, and Redline had no duty to

18   verify her debt before sending its only collection letter, Redline's FDCPA and

19   Rosenthal Act claims based on her not owing the debt fail as a matter of law.

20   **B.    Redline's Communications With Plaintiff Were Not Misleading or**

21        **Confusing**

22        Plaintiff claims she was confused as to the interest related language of

23   Redline's letter and the language regarding the balance, presumably under Section

24   1692e, 1692e(5) and  Section 1692e(10) of the FDCPA.   (SSUF No. 19)  The only

25   collection activity Redline engaged in with Plaintiff was to send the January 12,

26   2011 letter and make a few phone calls (SSUF No. 20 ).  As shown above, Redline's

27   October 11, 2011 letter (SSUF No 21) did not constitute collection activity, and

28   therefore the FDCPA does not apply to this letter.  *See Bernardi v. JPmorgan Chase*

5

1  *Bank*, N.A., 2012 U.S. Dist. LEXIS 85666 at *11 (N.D. Cal. June 20, 2012)(FDCPA

2  violation requires "collection activity).   Morever, Plaintiff cannot establish an

3  FDCPA claim with respect to Redline's January 12, 2011 letter.

4  **1.      Redline's January 12, 2011 Letter Falls within Safe Harbor Language**

5          The Seventh Circuit has provided that certain language can satisfy Section

6  1692g.  *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214

7  F.3d 872 (7th Cir. Ill. 2000),  by using "safe harbor" language similar to the

8  following:

9          "As of the date of this letter, you owe $ [the exact amount due].
        Because of interest, late charges, and other charges that may vary from
10       day to day, the amount due on the day you pay may be greater. Hence,
        if you pay the amount shown above, an adjustment may be necessary
11       after we receive your check, in which event we will inform you before
        depositing the check for collection. For further information, write the
12       undersigned or call 1-800-[phone number]."

13  See Miller, 214 F.2d at 876.

14          Redline's January 12, 2011 letter to Plaintiff parrots this language virtually

15  word for word:

16          "As of date of this letter you owed $1,189.29.  Because of
        interest, late charges, and other charges that may vary from day to day,
17       the amount due on the day you pay may be greater.  Hence, if you pay
        the amount shown above, an adjustment may be necessary after we
18       receive your payment.  If an adjustment is made, we may attempt to
        contact you again about the adjustment.  For further information, please
19       write us or call 1-866-482-9910."

20  (SSUF No. 22).

21          As Redline's letter complies with the "safe harbor" language of *Miller*,

22  Plaintiff's FDCPA claim in this regard fails as a matter of law. *See also Wahl v.*

23  *Midland Credit Management*, 556 F.3d 643 (7th Cir. Ill. 2009);  *Barnes v. Advanced*

24  *Call Center Technologies, LLC*, 493 F.3d 838, 841 (7th Cir. 2007), *Hutton v. Law*

25  *Offices of Collins & Lamore*, 668 F.Supp.2d 1251, 1258-60 (S.D. Cal. 2009); *Goray*

26  *v. Unifund CCR Partners*, 2007 U.S. Dist. LEXIS 89552 at *20 (D. Haw. Dec. 4,

27  2007)("The April 2005 letter clearly stated "the amount of the debt" as required by

28  Section 1692g(a). There is nothing confusing or misleading  about the letter here.")

6

### 3.   Redline's January 12, 2011 Letter Was Not Otherwise Misleading

Plaintiff also alleges that she was confused by the 30 day notice language in Redline's January 12, 2011 letter.  (SSUF No. 23) However, the 30 day notice language in Redline's January 12, 2011 contains the 30 day notice language in the fourth paragraph of the letter (SSUF No. 24) that tracks the 30 day notice language required under the FDCPA.  See 15 U.S.C. § 1692g(a).   Therefore, this claim fails as well.  *See, e.g., Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1241 n.4 (C.D. Cal. 2012).  Moreover, Plaintiff mailed Redline a letter seeking validation within 30 days of receiving Redline's letter.  (SSUF No. 25)

### C.   Redline's Letters Did Not Make a Material Misrepresentation

The Ninth Circuit has held that only material misrepresentations violate the FDCPA.  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. Wash. 2010).  In that case, the Ninth Circuit held that the complaint did not contain a false, deceptive, or misleading representation for purposes of liability under §§ 1692e or 1692f just because $ 32.89, labeled as 12% interest on principal, was actually comprised of finance charges of $ 24.07 and post-assignment interest of $ 8.82, but not labeled as such.  *Id.*

In denying the plaintiff's Section 1692e and Section 1692f claims, the Court in *Donohue* held that only a "material" misrepresentation violated the FDCPA-even if it is false in some technical sense.  *Id.* The *Donohue* court held that it was concerned with "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.*

Similarly, Redline has shown that Plaintiff owed the balance at issue.  (SSUF Nos. 1-12, 15-16)  Just as in *Donohue*, the labeling of certain parts of the balance is not material as long as Plaintiff owed the total.  *See also Gates v. Asset Acceptance, LLC*, 801 F. Supp. 2d 1044 (S.D. Cal. 2011)( typographical error of interest rate lower than what was truly applicable was not "material").  Moreover, as shown above, Plaintiff mailed Redline a letter seeking validation within 30 days of

7

receiving Redline's letter.   (SSUF No. 26)  Therefore, Plaintiff cannot point to any statement in Redline's letters which would have altered or frustrated her ability to intelligently respond to the letter.

### D. Plaintiff's Claim that Redline Failed to Cease and Desist Lacks Merit

Plaintiff claims that she sent a cease and desist notice and a dispute and demand for validation on or about February 17, 2011 (SSUF No. 27)  Redline received this request for verification on February 22, 2011, and that on the same day Redline put a hold on the account.  (SSUF No. 28-29)  Redline ceased collection on the account at that time. (SSUF No. 29)

The only other action Redline took with respect to Plaintiff's account was to send her a letter dated October 11, 2011 informing her that her account was closed. (SSUF No. 30-32)   As shown above, Redline's October 11, 2011 letter did not violate the FDPCA. *See Clark, Bernardi, supra.*   As Redline ceased all collection activity with Plaintiff after her cease and desist request, any claim that Redline continued to collect a debt after her cease and desist request fails.

### E. Plaintiff's Claims Under the Rosenthal Act Fails

With respect to Plaintiff's Rosenthal Act claims under Section 1788.17, they are dependent on Plaintiff's failed FDCPA claims and therefore fail as a matter of law.  Plaintiff also claims that Redline violated Section 1788.13(l) of Rosenthal Act by "demanding money" from her when the claim was not assigned to Redline. (Complaint, ¶34)  However, as shown above, Plaintiff owed the debt and it was validly assigned to Redline by ARS.  (SSUF No. 1-11, 15-16).  Therefore, this claim fails.

/ / /

/ / /

/ / /

06998.00/187626

**F.   Plaintiff's Claim That Redline Pulled Her Credit Without a Permissible Purpose Lacks Merit**

    **1.   Redline Had a Permissible Purpose**

    **a.   Debt Collection is a Permissible Purpose under Section § 1681b(a)(3)(A)**

Plaintiff claims that Redline did not have a permissible purpose to pull her credit under the FCRA because (1) it related to a non-existent debt; (2) she did not consent and (3) she did not have any agreement with Redline.   (SSUF Nos. 33-35)

Under the FCRA, a person must have a permissible purpose for obtaining a consumer report.  *See* 15 U.S.C. § 1681b(f).  Permissible purposes are set forth in 15 U.S.C. § 1681b. A consumer reporting agency may furnish a consumer report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or ***collection of an account of, the consumer.***" 15 U.S.C. § 1681b(a)(3)(A)(emphasis added); *See also Phillips v. Grendahl*, 312 F.3d 357, 366 (7th Cir. 2002) (describing purpose under § 1681b(a)(3)(A) as "in other words, debt collection"); *Perretta v. Capital Acquisitions & Mgmt. Co.*, 2003 U.S. Dist. LEXIS 10070, at *18 (N.D. Cal. May 5, 2003)("Since it appears that if in fact defendant obtained plaintiff's consumer report it was in connection with an effort to collect a debt, plaintiff's FCRA claim fails.")

    **b.   Debt Collection is a Permissible Purpose under Section 1681b(3)(F)**

"[T]he collection of allegedly unpaid accounts constitutes a legitimate business need' within the meaning of [now 15 U.S.C. § 1681b(3)(F)]." *Allen v. Kirkland & Ellis*, 1992 U.S. Dist. LEXIS 12383 at *7-8 (N.D. Ill. Aug. 14, 1992). As shown below, Redline can clearly establish that its credit inquiry was pursuant to "debt collection," or "business need" and therefore was authorized under the FCRA

9

2.     **The Information in Redline's Possession Asserted that Plaintiff's Debt Arose From a  Credit Transaction Initiated by Plaintiff**

The Ninth Circuit has held that debt collection of account *"initiated" by* the consumer constitutes a permissible purpose under the FCRA.  *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1114 (9th Cir. 2009).  In line with this type of reasoning, an Indiana District Court granted summary judgment in favor of a defendant debt collector against plaintiff's FCRA claims on the grounds that the debt collector's access to plaintiff's credit report was authorized under the FCRA.  *See Miller v. Wolpoff & Abramson, LLP*, 2007 U.S. Dist. LEXIS 66770 (N.D. Ind. Sept. 7, 2007).

The *Miller* case involved debt collection on an outstanding bank credit balance *(Miller,* 2007 U.S. Dist. LEXIS 66770 at *4, *11) –similarly, Redline attempted to collect on Plaintiff's outstanding credit balance based on the documents in its possession asserting Plaintiff had a credit account (SSUF Nos. 41-42).  Moreover, in actuality, the account itself was initiated by Plaintiff.  (SSUF No. 37-42)  As Redline believed it was collecting on an account initiated by Plaintiff (and in actuality it was), Plaintiff's claims for willful violation of the FCRA fail as a matter law.

3.     **Redline Intended to Seek Plaintiff's Credit Information for Collection of Account of Plaintiff**

15 U.S.C. § 1681b(a)(3)(A) expressly states that a permissible purpose is shown if the user "intends to use the information in connection with a credit transaction involving the consumer."  By its plain language, 15 U.S.C. § 1681b(a)(3)(A) turns on the user's intent, not on what the actual true facts may be.  *See Trikas v. Universal Card Services Corp.*, 351 F. Supp.2d 37, 42-43 (E.D.N.Y. 2005) ("[p]laintiff's argument overlooks the plain language of the statute, which focuses on the intent of the party obtaining the consumer report," such that bank's inquiries into plaintiff's consumer report were lawful, even though made based on

10

erroneous understanding of plaintiff's account status); *Korotki v. Attorney Services Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) ("so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA"); *Shepherd-Salgado v. Tyndall Fed. Credit Union*, 2011 U.S. Dist. LEXIS 129128, 30-31 (S.D. Ala. Nov. 7, 2011).

As held by the Ninth Circuit in granting summary judgment on *Thomas v. United States Bank, N.A.*, 325 Fed. Appx. 592, 592-593 (9th Cir. 2009) the Court stated in pertinent part:

> We also affirm the district court's grant of judgment as a matter of law to U.S. Bank on Thomas's "permissible purposes" FCRA claim under 15 U.S.C. § 1681b(f). Thomas presented no evidence that U.S. Bank or Capital Management Services, Inc., had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report ***with the intent to collect on a debt*** is among the "permissible purposes" listed in the FCRA. 15 U.S.C. § 1681b(a)(3)(A).

*Id* at 593 (emphasis added).

As shown above, all of the information in Redline's possession at the time of Redline's credit inquiry demonstrated that Plaintiff had initiated a credit transaction with "GE Money Bank/Big O Tires" (SSUF Nos. 41-42), and therefore Redline intended to collect on an "account" as defined by the FCRA.

### 4.   Any Argument That Redline Was Not "Involved" in Transaction Originating the Debt is Irrelevant

Plaintiff Complaint asserts that Redline must have been involved in the transaction originating the debt to have a permissible purpose or that she had to give her consent in order for Redline to pull her credit. (Complaint, ¶41). This argument lacks merit. *Pintos* only states that the transaction originating the debt must be initiated by the consumer. *Pintos* does not say that the entity seeking to use the report must be part of the transaction initiated by the consumer. This would contradict the statutory language of the FCRA, whereby a permissible purpose is established when sought for "or review or collection of an account of, the

N OTICE OF MOTION AND
MOTION FOR SUMMARY  JUDGMENT
CASE NO. 11-cv-01824-MWF-SP

1  consumer." 15 U.S.C. § 1681b(a)(3)(A).

2       It is well settled that an assignee stands in the shoes of the assignor, and, if

3  the assignment is valid, has standing to assert whatever rights the assignor

4  possessed.  *See Misic, Olvera, supra.*  A debt collector who is assigned the right to

5  collect is considered to have a "permissible purpose" under Section 1681b.  *See*

6  *Miller*, 2007 U.S. Dist. LEXIS 66770 at *31 (granting summary judgment on

7  grounds law firm assigned debt for collection had a permissible purpose); *Ostrander*

8  *v. Unifund Corp.*, 2008 U.S. Dist. LEXIS 25040, 6-7 (W.D.N.Y. Mar. 28, 2008)("It

9  is also undisputed that, as the assignee of that account, Unifund was entitled under

10  the FCRA to obtain plaintiff's credit report from consumer reporting agencies for

11  the permissible purpose of review or collection of the assigned debt.").  As Redline

12  was assigned the right to collect upon Plaintiff's account (SSUF No. 41-42), it had a

13  permissible purpose to make a credit inquiry upon Plaintiff's account.

14       Plaintiff claims that Redline violated Section 1681b of the FCRA, by making

15  a credit inquiry as to Plaintiff's account before sending a collection letter

16  (Complaint, ¶38), but Section 1681b does not contain any provision relevant to this

17  claim.  To the extent Plaintiff may be confusing this claim with an FDCPA claim for

18  collecting before sending the validation request, 15 U.S.C. § 1692g mandates that "a

19  debt collector must send a debtor, within five days of the debt collector's "initial

20  communication" with the debtor, a written notice containing certain information."

21  A credit inquiry is not a "communication" with the debtor.  Therefore, Plaintiff's

22  claim fails under both FCRA and FDCPA theories.

23       **5.     Plaintiff's Claim That Her Account Was Not "Account" Under**

24            **FCRA is Irrelevant**

25       Plaintiff claims that her account was only an "incidental balance" on an "open

26  ended credit account," and therefore it was not an account as defined under Section

27  1681a(r)(4) of the FCRA.  (Complaint, ¶42-45).  Plaintiff argues that because her

28  debt was not an "account" under the FCRA, there was no permissible purpose to

**12**

1  make a credit inquiry on her account.  (Complaint, ¶42-45).  This very argument

2  was rejected in *Demaestri v. Asset Acceptance Capital Corp.*, 2012 U.S. Dist.

3  LEXIS 51305, 11-13 (D. Colo. Mar. 14, 2012).  Moreover, at deposition, Plaintiff

4  conceded that she had no idea what kind of account was at issue.  (SSUF No.  37).

5  Regardless, as shown above, Redline believed it had a permissible purpose (Nos.

6  41-42), and therefore this claim fails as a matter of law.  *See Thomas, Demaestri,*

7  *supra.*

8  **G.**    **Redline Did Not Willfully Violate the FCRA**

9        Section 1681n provides for the recovery of statutory and punitive damages for

10  willful noncompliance with the FCRA. 15 U.S.C. § 1681n.  A "willful" violation

11  under § 1681n is one that is either a knowing or reckless violation of the statute.

12  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-59, 127 S. Ct. 2201, 167 L. Ed. 2d

13  1045 (2007).

14        **1.**    **Redline's Credit Inquiry Was Not Knowing**

15        Plaintiff claims she is entitled to punitive damages because Redline was

16  collecting on a nonexistent debt.  (SSUF No. 46)  Redline made a credit inquiry as

17  to Plaintiff's credit on January 10, 2011.  (SSUF No. 49).  February 22, 2011, was

18  the first time Redline received any notice of any request for validation respect to

19  Plaintiff's account.  (SSUF Nos.  50-52).  Plaintiff did not unequivocally allege she

20  did not owe her account at that time.  (SSUF No. 51)  Therefore, any credit inquiry

21  by Redline was not made "knowing" the account was allegedly invalid.  Moreover,

22  as shown above (SSUF Nos. 1-12, 15-16), it is clear that Plaintiff owed the debt.

23        **2.**    **Redline's Credit Inquiry Was Not Reckless**

24        The *Safeco* Court explained that recklessness generally is an "action entailing

25  an unjustifiably high risk of harm that is either known or so obvious that it should

26  be known." *Id.* at 68 (internal quotation marks omitted).   In *Drew v. Equifax Info.*

27  *Servs.*, LLC, 2010 U.S. Dist. LEXIS 131643, 14-15 (N.D. Cal. Dec. 3, 2010), the

28  defendant read *Safeco* to require that a plaintiff consumer show that a credit

**N OTICE OF MOTION AND
MOTION FOR SUMMARY  JUDGMENT
CASE NO. 11-cv-01824-MWF-SP**

reporting agency risked harming the plaintiff consumer economically before being entitled to punitive damages.  The Northern District of California disagreed with this interpretation.  It read the definition of "reckless" under the FCRA to be tethered to the defendant's knowledge of the FCRA:

> As the rest of *Safeco* makes clear, however, FCRA is concerned with whether the defendant ran an unjustifiably high risk of violating the law. See id. at 69 ("Thus, a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.").

*Drew v. Equifax Info. Servs., LLC*, 2010 U.S. Dist. LEXIS 131643, 14-15 (N.D. Cal. Dec. 3, 2010).

In this case, the "reading" of the FCRA at issue is when is there a permissible purpose.  As shown above, there is a permissible purpose if the account at issue originated from an account initiated by the consumer.  As shown above, based on the information in Redline's possession at the time of its credit inquiry, the account at issue originated from an account initiated by the consumer.   (SSUF Nos. 47-48)  As shown above, if Redline did not intend to make a credit inquiry on an invalid account, this does not violate the FCRA.  Therefore, as Redline's "reading" of the FCRA with respect to its credit inquiry was lawful, it certainly was not reckless as defined by *Safeco*.  Moreover, Plaintiff cannot establish that Redline's "reading FCRA with respect to its credit inquiry ran a risk substantially greater than the risk associated with a "careless" reading.

## IV.   **CONCLUSION**

Redline's attempt to collect upon Plaintiff's allegedly "non-existent" debt did not violate the FDCPA, Rosenthal Act, as the evidence clearly showed that (1) Plaintiff owed the debt and (2) her debt was assigned to Redline for collection.  As far as Plaintiff's claims under the FCRA, the evidence shows that Redline intended to collecting upon a transaction initiated by Plaintiff, and therefore her claims that

/ / /

1    Redline willfully violated the FCRA fail as a matter of law.  In light of the

2  foregoing, summary judgment should be granted as to all causes of action set forth

3  in Plaintiff's Complaint.

4

5

6  DATED: September 15, 2012        CARLSON & MESSER LLP

7

8                    By:   /s/ David J. Kaminski

9                      David J. Kaminski
                           Stephen A. Watkins

10                    Attorneys for Defendant,
                      REDLINE RECOVERY SERVICES, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                   **PROOF OF SERVICE**

3  STATE OF CALIFORNIA            )

                                    )   ss.

4  COUNTY OF LOS ANGELES    )

5

6         I am employed in the County of Los Angeles, State of California.

7         I am over the age of eighteen years and not a party to the within action.  My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA  90045.

8         On **September 17, 2012,** I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS**

9 **AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

10

                             **SEE ATTACHED SERVICE LIST**

11

12 **[X]**    **BY MAIL**:  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of

13          correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in

14          the ordinary course of business with postage thereon fully prepaid.

15 **[ ]**    **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the

16          electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the

17          transmission was unsuccessful.

18 **[ ]**    **PERSONAL SERVICE BY HAND-** I personally served document to address stated on POS Service List.

19

20 **[]**    **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

21 **[]**    **(STATE)**  - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23 **[X]**    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24         Executed this 17th day of September, 2012 at Los Angeles, California.

25

26                            Linda Brooks

27

28

                                         1

1

**SERVICE LIST**
**Joscelin B. Thomas, Pro Se v. Redline Recovery Services, LLC**

2

**File No.: 06998.00**

3

Joscelin B. Thomas                                              IN PRO SE

4

14626 Red Gum Street
Moreno Valley, CA  92555

5

joscelin.thomas@gmail.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE