DAVID J. KAMINSKI (SBN 128509)
kaminskd@cmtlaw.com
STEPHEN A. WATKINS (SBN 205175)
Watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
REDLINE RECOVERY SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS, Pro se;<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REDLINE RECOVERY SERVICES, LLC, Does 1-10<br><br>　　　　Defendants. | CASE NO. 11-cv-01824-MWF-SP<br><br>**OPPOSITION TO MOTION FOR LEAVE TO AMEND**<br><br>Date:　　October 15, 2012<br>Time:　　2:00 p.m.<br>Crtm:　　1600<br><br>Hon.　　Michael W. Fitzgerald |

TO PLAINTIFF, PRO SE:

　　PLEASE TAKE NOTICE THAT DEFENDANT REDLINE RECOVERY SERVICES, LLC ("Redline") submits the following Opposition to Plaintiff JOSCELIN B. THOMAS, ("Plaintiff")'s Motion for Leave to File Amended Complaint (the "Motion").

/ / /

/ / /

## I. INTRODUCTION

On November 14, 2011, Plaintiff filed her Complaint against Defendant Redline Recovery Services, LLC ("Redline") in this action. Although Redline properly collected upon Plaintiff Joscelin Thomas's ("Plaintiff") debt, she has filed suit under several consumer protection statutes. Plaintiff alleges that Redline violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), by making an inquiry into her credit pursuant to valid collection. Plaintiff bases her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Rosenthal Act, *Cal. Civ.* § 1788 *et seq.*, on the grounds that she was somehow confused by Redline's attempt to collect upon her allegedly "non-existent" debt that she clearly owed. The history to date of this case, and Redline's pending motion for summary judgment (Dkt No. 20) clearly show that Plaintiff's Motion to Amend should be denied.

### B. Court Issues Scheduling Order

The Court's February 22, 2012 Order (Dkt No. 14) set the following Dates:

A. Last Day to Add Parties or Amend Pleadings: May 29, 2012;

B. Discovery Cut-off: August 7, 2012;

C. Expert Witness Exchange Deadline:

    Initial: August 7, 2012;

    Rebuttal: September 4, 2012;

    Cut-off: October 2, 2012;

D. Motion Hearing Cut-off: October 15, 2012;

E. Settlement Conference Cut-off: October 30, 2012;

F. Final Pretrial Conference (and hearing on Motions in Limine): December 10, 2012 at 10:30 a.m.;

G. Trial Date: January 8, 2013 at 8:30 a.m.

/ / /

/ / /

    **C.**     **Plaintiff Files Motion to Amend Complaint Set For Hearing The Last Date for Motion Hearing Cut Off**

On April 13, 2012, Plaintiff filed a Motion for Leave to Amend Complaint with a hearing date of October 15, 2012 (Dkt. 16), the last day for motions to be heard. The only difference between Plaintiff's current Complaint and Plaintiff's First Amended Complaint are as follows:

    (1)     new allegations based on a letter dated October 11, 2011 from Redline to Plaintiff. (Motion to Amend, pg. 3, ¶4)

    (2)     additional detail added to her "previously asserted" claims (Motion to Amend, pg. 3, ¶4 )

If Plaintiff's Motion is granted, Redline would not be permitted to file a dispositive motion as to the proposed FAC unless the Court's February 22, 2012 scheduling order is modified. Regardless, Plaintiff's claims regarding Redline's October 11, 2011 letter and additional detail regarding her previously asserted claims will necessarily be addressed as part of Redline's current pending motion for summary judgment.

    **D.**     **Redline Files Motion for Summary Judgment That Is Set for Hearing on October 15, 2012 - The Same Day as Plaintiff's Motion to Amend**

After conducting discovery and taking Plaintiff's deposition, on September 17, 2012 (Dkt No. 20), Redline filed its Motion for Summary Judgment as to Plaintiff's Complaint. The hearing is set for October 15, 2012–the same day as Plaintiff's Motion to Amend. As part of Redline's defense is that it ceased collection activity after receiving Plaintiff's February 17, 2012 letter, Redline has addressed whether or not its October 11, 2011 collection letter constitutes "collection activity" in violation of the FDCPA in its summary judgment motion (See Dkt No. 20, pgs. 14-17). Regardless, as shown below, the same collection letter can be decided in the context of "futility" with respect to Plaintiff's current

1 | Motion to Amend.

2 | **II.  LEAVE TO AMEND SHOULD BE DENIED BECAUSE OF
3 |       PREJUDICE TO REDLINE**

Leave to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962) (identifying these factors). Prejudice is the most important factor. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Central District has denied a motion to amend where a plaintiff delayed for six months in bringing his motion, did not adequately explain the reason for the delay, and the delay prejudiced the defendants. *See Gonzalez v. Allstate Ins. Co.*, 2005 U.S. Dist. LEXIS 45773 (C.D. Cal. Aug. 1, 2005). Plaintiff received the letter from Redline's president on or about October 11, 2011. Plaintiff filed her original Complaint on November 14, 2011. It took her five months (April 13, 2012) to decide that a letter from Redline that was already in her possession allegedly justified new claims. In this case, just as in *Gonzalez*, Plaintiff's unjustifiable delay has clearly prejudiced Redline, given the current scheduling order. Therefore, as shown below, Plaintiff's Motion should be denied.

**1.  Defendant Redline and potential Defendant G. Navarro Paulo will be Prejudiced**

"Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings." *Harris v. Vector Marketing Corp.*, 2009 U.S. Dist. LEXIS 113208, at *2 (N.D. Cal. 2009). Prejudice as the result of delay may take the form

4

of requiring the Court to modify its pre-trial scheduling order. *See Wells Fargo Bank, N.A. v. Renz*, 2010 U.S. Dist. LEXIS 76310, 14-15 (N.D. Cal. July 19, 2010)(denying motion for leave to amend).

Similarly, delay creates prejudice in terms of increased costs. As a case lengthens, the costs and expenses necessarily increase. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995)(agreeing with the district court that expense counts towards a finding of prejudice).

Moreover, the act of simply adding a party is an indicator of prejudice. *See In re Fritz Companies Securities Litigation*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003) ("Indicators of prejudice include a need to reopen discovery or the addition of complaints or parties."). "Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. Cal. 1987). The addition of Redline President G. Navarro Paulo as a party would certainly increase the costs of discovery and trial preparation in this case. *See IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 U.S. Dist. LEXIS 804, 2004 WL 135861, at 3 (N.D. Cal. 2004) ("[T]he need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend."). Moreover, the Court would most likely have to modify the pre-trial schedule in this case. In light of the foregoing prejudice to both Redline and Mr. Paulo, Plaintiff's Motion to Amend should be denied.

### 2. Plaintiff Has Given No Reason for the Delay

Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay. *Wells Fargo*, 2010 U.S. Dist. LEXIS 76310 at *11. When a plaintiff knows of theory and facts supporting the amendment from the commencement of the litigation, courts are less tolerant of the delay: "[l]ate amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking the amendment

since the inception of the cause of action." *Kaplan*, 49 F.3d at 1370 (quoting *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986)). Plaintiff's cursory statement that she "discovered additional information" relating to a letter she possessed a month prior to filing to her Complaint is insufficient. In light of Plaintiff's complete failure to justify she waited five months after filing her Complaint to name Mr. Paulo as a defendant, her Motion should be denied.

### III. PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT SHOULD BE DENIED BECAUSE IT IS FUTILE

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *See, e.g., Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. Ariz. 2009).

#### A. Standard of Review

When a motion to amend is made early in the proceedings or in response to a motion to dismiss, the amendment will be deemed futile and the motion to amend denied where the amended pleading would be subject to "immediate dismissal" for failure to state a claim upon which relief can be granted, or on some other basis. *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999). Where, however, the parties have engaged in discovery and "rely heavily on . . . evidence [outside the pleadings] in making their arguments," the court must determine whether the proposed amendment would be futile under the summary judgment standard. *DiPace v. Goord*, 308 F. Supp. 2d 274, 279 (S.D.N.Y. 2004).

Further, a district court may consider all materials submitted as part of the complaint including exhibits and documents to which the complaint specifically refers and whose authenticity is not questioned even if they are not physically appended to the complaint. *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

As the only new claims in Plaintiff's proposed FAC are based on Redline's October 11, 2011 letter whose authenticity is not questioned (*See* Exhibits A & B to

the Declaration of Stephen A. Watkins in support of Redline's Opposition; *See also* Dkt No. 20-3, 20-7), the futility of Plaintiff's new claims regarding the October 12, 2011 letter can be decided under either a motion to dismiss or motion for summary judgment standard.

### B. Redline's October 12, 2011 letter Did Not Constitute Collection Activity as to Violate the FDCPA

#### 1. A Letter to Inform a Consumer the Account is Closed Does Not Violate the FDCPA

The FDCPA prohibits contacting a debtor who has "notified a debt collector in writing that the consumer refuses to pay a debt . . . ." irrespective of whether the statement is false under state law or otherwise. 15 U.S.C. § 1692c(c). One exception is **to advise the consumer that the debt collector's further efforts are being terminated**. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1169 (9th Cir. 2006). This is exactly what Redline's October 11, 2011 letter did.

#### 2. Redline's October 11, 2011 letter Did Not Constitute Collection Activity as to Violate the FDCPA

An FDCPA violation requires "collection activity. *See Bernardi v. Jpmorgan Chase Bank*, N.A., 2012 U.S. Dist. LEXIS 85666 at *11 (N.D. Cal. June 20, 2012). On its face, Redline's October 11, 2011 letter to Plaintiff merely informs her that her account has been closed. As there is no collection activity associated with this letter, any FDCPA claim based on Redline's October 11, 2011 letter fails.

#### 3. There Was No Material Misrepresentation Caused by Redline's October 11, 2011 letter

The Ninth Circuit has held that only material misrepresentations violate the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. Wash. 2010). Plaintiff cannot possibly demonstrate how her ability to respond to the letter was impaired by language used in the October 11, 2011 correspondence. Such a

determination can be made on a motion to dismiss. *See Gates v. Asset Acceptance, LLC*, 801 F. Supp. 2d 1044 (S.D. Cal. 2011).

### 4. Plaintiff's Rosenthal Act Claims Fail

Plaintiff's Section 1788.17 claims depend on her FDCPA claims, and therefore these claims also fail as a matter of law. As Redline's October 11, 2011 letter was not "demanding money," Section 1788.13(l) does not apply.

### C. Any Other Claim is Addressed by Redline's Motion for Summary Judgment

Plaintiff's proposed FAC provides additional detail regarding Plaintiff's claims with respect to Redline's January 12, 2011 collection letter. However, Plaintiff's current Complaint already asserts that Redline's January 12, 2011 collection letter made various misrepresentations. At deposition, Plaintiff provided substantial testimony as to the specifics of these claims. Redline's motion for summary judgment addresses both Plaintiff's complaint and Plaintiff's clarification of those factual allegations at deposition. (Dkt No. 20, pgs. 11-17).

As the determination of Redline's motion for summary judgment would be identical to the "futility" analysis required to determine whether Plaintiff should be granted leave to amend, and given the hearing on both Motions is set for the same day, Plaintiff's Motion to Amend should either be denied or stayed pending resolution of Redline's Motion for Summary Judgment. Moreover, Redline's pending motion for summary judgment also favors a finding of prejudice. *See Gonzales*, 2005 U.S. Dist. LEXIS 45773 at *10 (citing *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (district court denying leave to amend because discovery was closed and a motion for summary judgment had been filed); *Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir. 1981) (finding no abuse of discretion where district court denied request for leave to amend made after summary judgment motion with benefit of discovery was pending); Williams v. Rodriguez, 2012 U.S. Dist. LEXIS 43109 (N.D. Cal. Mar. 28,

2012)("Further, in cases in which there is a summary judgment motion pending, as here, leave to amend may be denied unless the plaintiff can make a substantial showing to support the amendment.")

## IV. CONCLUSION

The only new allegation posed by Plaintiff's proposed FAC is based on an October 11, 2011 letter from Redline's president that is already necessarily addressed by Defendant's pending motion for summary judgment. Regardless, on its face, the October 11, 2011 letter presents no basis for FDCPA or Rosenthal Act liability. Therefore, as Plaintiff has provided no explanation for waiting five months to add this claim, adding this claim would require this Court to amend its scheduling order, and Defendant's motion for summary judgment is pending, this Court should deny Plaintiff leave to amend.

DATED: September 24, 2012                CARLSON & MESSER LLP


By: /s/ David J. Kaminski
    David J. Kaminski
    Stephen A. Watkins
    Attorneys for Defendant,
    REDLINE RECOVERY SERVICES, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **September 24, 2012,** I served the foregoing document(s) described as: **OPPOSITION TO MOTION FOR LEAVE TO AMEND** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

[ ]  **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

[ ]  **(STATE)**  - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 24th day of September, 2012 at Los Angeles, California.

*/s/ Linda Brooks*
Linda Brooks

---

1
PROOF OF SERVICE

## SERVICE LIST
### Joscelin B. Thomas, Pro Se v. Redline Recovery Services, LLC
### File No.: 06998.00

Joscelin B. Thomas                    IN PRO SE
14626 Red Gum Street
Moreno Valley, CA  92555
joscelin.thomas@gmail.com

2
PROOF OF SERVICE