DAVID J. KAMINSKI (SBN 128509)
kaminskd@cmtlaw.com
STEPHEN A. WATKINS (SBN 205175)
Watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
REDLINE RECOVERY SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS, Pro se;<br><br>Plaintiff,<br><br>vs.<br><br>REDLINE RECOVERY SERVICES, LLC, Does 1-10<br><br>Defendants. | CASE NO. 11-cv-01824-MWF-SP<br><br>**SECOND REPLY MEMORANDUM OF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        October 15, 2012<br>Time:       10:00 a.m.<br>Crtm:      1600<br><br>Hon. Michael W. Fitzgerald |

TO PLAINTIFF, PRO SE:

Comes now, Defendant REDLINE RECOVERY SERVICES, LLC ("Redline") and hereby submits its Second Reply in support of Redline's motion for summary judgment as to Plaintiff JOSCELIN THOMAS ("Plaintiff")'s Complaint. This Second Reply is necessary in light of Plaintiff's late-filed Opposition.

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      Plaintiff's Opposition is Untimely

L.R. 7-9 provides that an opposition should be filed and served "not later than twenty-one (21) days before the date designated for the hearing of the motion." Plaintiff's response was therefore due on September 24, 2012.  Not receiving an Opposition by October 1, 2012, Redline filed its reply.  Four days later, Plaintiff filed her reply, but Redline only received it on October 9, 2012 via the ECF system.

Plaintiff's failure to comply with L.R. 7-9 on its own is grounds to strike the Opposition.  *See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1519 (9th Cir. Nev. 1983)(holding district court "acted properly" in striking late declaration filed in opposition to motion for summary judgment); *AJP Mgmt., Inc. v. United States*, 2000 U.S. Dist. LEXIS 20154, 8-9 (C.D. Cal. 2000)(district struck late declaration in support of motion for summary judgment). Regardless, Plaintiff's Opposition fails to assert any valid argument as to why summary judgment should not be granted.

## II.     Plaintiff's Opposition Fails to Assert Credible Evidence Objections

Plaintiff claims that her FDCPA claim "has nothing to do with whether the underlying debt is or is not valid" (Opposition, pg. 8), but then asserts Redline violated the FDCPA by trying to collect upon a "non-existent" debt.  (Opposition, pg. 13) Although Redline maintains it has defenses to Plaintiff's claim whether or not the debt was valid, Plaintiff has no claim that she did not owe the debt.

Plaintiff's claim that the only evidence of assignment from ARS to Redline is Mr. James J. Powers' conclusory declaration (Opposition, pg. 11) lacks merit.  The account notes attached to Mr. Powers' declaration verify Redline's account.  These account notes incorporate data received from ARS at the time of assignment and are valid evidence.  *See Krawczyk v. Centurion Capital Corp.*, 2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) at *15 ( records from seller of debt incorporated into database of purchaser constituted valid summary judgment evidence).

1        The Ninth Circuit has held that if a business relies on the records of third

2    party in its business operations, then the business can testify as those records. *See*

3    *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. Ariz. 1993)(allowing

4    government to submit as business records of auto dealer certificates of title,

5    purchase orders and odometer statements not created by auto dealers but relied upon

6    by auto dealers ). To "hold otherwise would severely impair the ability of assignees

7    of debt to collect the debt due because the assignee's business records of the debt are

8    necessarily premised on the payment records of its predecessors." *See Krawczyk*,

9    2009 U.S. Dist. LEXIS 12204 at *12 (citations omitted).

10        Plaintiff claims that John J. Powers of Redline lacks personal knowledge of

11    "Plaintiff or anything regarding this case," but she concedes that he oversees the

12    operation of Redline (Opposition, pg. 11). Plaintiff attempts to assert that Mr.

13    Powers must have specific technical knowledge, and specific knowledge of each

14    and every transaction memorialized in the account notes, but this exact argument

15    was rejected by the *Ninth Circuit in U-Haul Int'l, Inc. v. Lumbermens Mut. Cas*. Co.,

16    576 F.3d 1040, 1044-1045 (9th Cir. 2009). The Ninth Circuit in *U-Haul* held,

17    despite plaintiff's objections, "there is no dispute that Matush, as a Republic

18    Western claims manager, was qualified to testify about the business practices and

19    procedures for inputting the underlying data." *Id.* The Court went on to state as

20    follows:

21        It is not necessary for each individual who entered a record of payment
into the database to testify as to the accuracy of each piece of data

22    entered. See United States v. Smith, 609 F.2d 1294, 1302 (9th Cir.
1979) ("The witness must only be in a position to attest to [the

23    evidence's] authenticity") (citation and internal quotations omitted); ***see
also Thanongsinh v. Bd. of Educ., 462 F.3d 762, 777 (7th Cir. 2006)***

24    ***(holding that the qualified witness "need only be familiar with the
company's recordkeeping practices");*** Weinstein's Federal Evidence §

25    803.08[4] (stating that witnesses to an electronic data compilation need
not personally enter the data).

26

*Id.*(emphasis added).

27

    In the same manner, Plaintiff's challenge to the Declaration of Mr. Fishbein

28

1   (Opposition, pg. 10) on the grounds that he did not clarify his specific participation
2   in transactions reflected in the the records of ARS fails. Mr. Fishbein is the Chief
3   Executive Officer of ARS, and is clearly qualified to testify as to the record of ARS.
4   *See U-Haul*, *supra*. To the extent Plaintiff claims that the Bill of Sale is insufficient
5   to show a transfer of her account from GE Money Bank to ARS, this argument lacks
6   merit. *Davis v. Unifund CCR Partners,* 2008 U.S. Dist. LEXIS 4293 at *2 (N.D.
7   Cal. Jan. 22, 2008)(evidence of a credit card agreement and a bill of sale established
8   assignment on summary judgment); *In re Forrest*, 2009 Bankr. LEXIS 4748 (Bankr.
9   E.D.N.C. May 22, 2009)(account statements plus bill of sale established proof of
10  claim); How does Plaintiff account for the fact that ARS's records include
11  Plaintiff's account statements? *See In re Curry*, 409 B.R. 831, 840 (Bankr. N.D.
12  Tex. 2009) (If assignment from creditor does not specifically identify the specific
13  account at issue, other documentation, such as an account statement that identifies
14  the account, may suffice to establish the claimant's ownership of the claim). Even
15  under the residual exemption under FRE 803(24), Mr. Fishbein's declaration should
16  be allowed.

17       Plaintiff challenges the Declaration of Judy Gumbel of GE Money Bank,
18  disingenuously stating it was "not authenticated by anyone with firsthand
19  knowledge" (Opposition, pg. 9) but omitting the fact that Ms. Powers expressly
20  states: "I declare under penalty of perjury that the foregoing is true and correct to
21  the best of my personal knowledge." Plaintiff claims there is no supporting
22  documentation of charge off (Opposition, pg. 9), but ignores the October 17, 2009
23  account statement asserting "CHARGE -OFF-PRINCIPALS" and "CHARGE-OFF
24  FINANCE CHARGES." To the extent she claims these documents are not
25  authenticated, Ms. Powers stated "enclosed are the billing statements which reflect
26  all transactions on the Big O Tire credit card account." *See Am. Express, F.S.B. v.*
27  *Wright*, 2012 U.S. Dist. LEXIS 85622 (N.D. Cal. June 20, 2012)(holding as valid
28  summary judgment evidence where "The custodian of records has submitted a

1  sworn declaration under penalty of perjury attesting that the statements are true and

2  accurate")

3      Regardless, the majority of the billing statements set forth by GE Money

4  Bank are also incorporated by the ARS declaration.  These billing statements alone

5  establish Plaintiff's debt.  *See Avery v. First Resolution Mgmt. Corp.*, 2007 U.S.

6  Dist. LEXIS 39260 (D. Or. May 25, 2007)(plaintiff accepted the terms of credit card

7  agreement by using the card).  Moreover, "[T]he existence of a catch-all hearsay

8  exception is a clear indication that Congress did not want courts to admit hearsay

9  only if it fits within one of the enumerated exceptions."  *United States v.*

10  *Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994).  The GE Money Bank statements

11  fit within this catchall, as their trustworthiness are supported by the statements in

12  ARS's possession that were sent to Plaintiff's address, and the fact that Plaintiff's

13  February 17, 2012 letter did not state she did not owe the debt, only that she was

14  willing to compromise upon proof of verification.

15      Plaintiff's bare allegations are insufficient evidence to oppose summary

16  judgment.   The non-moving party "must do more than simply show that there is

17  some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*

18  *v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

19  "The mere existence of a scintilla of evidence in support of the [non-movant's]

20  position will be insufficient; there must be evidence on which the jury could

21  reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.  *See also Am.*

22  *Express, F.S.B. v. Wright*, 2012 U.S. Dist. LEXIS 85622 at *6 (N.D. Cal. June 20,

23  2012)(court disregarded bare claims of plaintiff that she was overcharged and when

24  presented with evidence of account statements on summary judgment).

25  **III.   Plaintiff's Opposition Ignores Ninth Circuit Authority That Redline Had**

26      **No Duty to "Verify" Plaintiff's Account Prior to Plaintiff's Dispute**

27      Plaintiff claims that her FDCPA claim "has nothing to do with whether the

28  underlying debt is or is not valid" (Opposition, pg. 8), but then asserts Redline

1    violated the FDCPA by trying to collect upon a "non-existent" debt. The Ninth

2    Circuit has held that "[N]othing in [§ 1692g(b)] suggests an independent obligation

3    to verify a disputed debt where the collector abandons all collection activity with

4    respect to the consumer." *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940

5    (9th Cir. 2007). *See also Jang v. A.M. Miller & Assocs.* 122 F.3d 480, 482 (7th Cir.

6    1997); *Slanina v. United Recovery Sys., LP*, 2011 U.S. Dist. LEXIS 121356, 7-8

7    (M.D. Pa. Oct. 20, 2011).

8        Plaintiff's Opposition also ignores Redline's citation to *Slanina*, which sets

9    forth the exact fact pattern in this case–non-liability for the sending of a collection

10   letter on an alleged non-existent debt.  Plaintiff's citations to *Ross v. RJM*

11   *Acquisitions Funding LLC*, 480 F.3d 493 (7th Cir. Ill. 2007) and *McCollough v.*

12   *Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (Opposition,

13   pg. 12) are of no import.

14       *McCollough* involved the filing of a collection complaint on a time-barred

15   debt, not an initial dunning letter on an alleged non-existent debt as in this case.

16   Similarly, *Ross* involved the sending of a letter on a debt that was allegedly

17   discharged in bankruptcy.  Plaintiff's citations to *Gilmore v. Account Mgmt.*, 2009

18   U.S. Dist. LEXIS 79508 (N.D. Ga. Apr. 27, 2009)(Opposition, pg. 15)(invalid debt

19   asserted in collection complaint) and *Valdez v. Capital Mgmt. Servs. LP*, 2010 U.S.

20   Dist. LEXIS 121483 (S.D. Tex. Nov. 16, 2010)(plaintiff claimed defendant knew

21   plaintiff did not owe debt) are similarly irrelevant.

22       Plaintiff has maintained that she never engaged in any transactions with GE

23   Money Bank, and that the debt is "non-existent," not that the debt was incurred and

24   then later excused via bankruptcy discharge or statute of limitations or sought

25   knowing that it was not owed.  *Guerrero* and *Slanina* are controlling and Plaintiff's

26   FDCPA/Rosenthal Act claim based on Redline's January 12, 2011 initial dunning

27   letter prior to receiving a request for verification fail as a matter of law.

28

SECOND REPLY IN SUPPORT OF MOTION
FOR SUMMARY  JUDGMENT
CASE NO. 11-cv-01824-MWF-SP

IV. **Plaintiff's Opposition Fails to State a Claim Based on Redline's October 11, 2011 Letter**

Plaintiff's Opposition maintains that Redline's October 11, 2011 letter, informing her that her account had been closed, somehow would lead someone to believe Redline was collecting a debt. (Opposition, pg. 14) Plaintiff never addresses Redline's cited authority that such a letter does not violate the FDCPA as a matter of law. *See Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1169 (9th Cir. 2006). Moreover, Redline's October 11, 2011 letter did not even constitute collection activity, and therefore the FDCPA does not apply to this letter. *See Bernardi v. JPmorgan Chase Bank*, N.A., 2012 U.S. Dist. LEXIS 85666 at *11 (N.D. Cal. June 20, 2012)(FDCPA violation requires "collection activity").

It is well settled that misrepresentation claims relating to collection letters are to be governed by the "least sophisticated debtor" standard. The least sophisticated debtor standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1062 (9th Cir. Cal. 2011). The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations. *Id.* The hypothetical least sophisticated consumer is "neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Construing a letter that informs Plaintiff that her account is closed with Redline and withdrawn by the client as an attempt to collect a debt is the very essence of a "bizarre" misinterpretation of an alleged collection letter. Plaintiff's claims in this regard fail as a matter of law.

V. **Redline's Communications With Plaintiff Were Not Misleading or Confusing**

Plaintiff's Opposition summarily states that Redline's "safe harbor language fails" but never acknowledges that Redline's letter parrots the "safe harbor language" set forth in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark,*

---

06998.00/188207

SECOND REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01824-MWF-SP

1  *L.L.C.*, 214 F.3d 872 (7th Cir. Ill. 2000), virtually word for word.  (SSUF No. 22).

2  She simply reiterates her claim that she did not owe the debt.  (Opposition, pg. 15)

3  Redline maintains that it has established that Plaintiff owed the debt.  However, any

4  claim based on the initial dunning letter with respect to an alleged "non-existent

5  debt" is barred by *Guerrero*.  Regardless, if she did not owe the debt because it did

6  not exist, she could not been confused.  "The unsophisticated consumer knows his

7  account history." *Harrer v. RJM Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 5912,

8  9-10(N.D. Ill. Jan. 19, 2012)(holding that if a debtor that knew he did not owe the

9  debt could not bring a Section 1692e or 1692f claim based on an initial dunning

10  letter that was otherwise proper).  Therefore, Plaintiff cannot assert a claim on the

11  January 12, 2011 letter based on the fact the debt was allegedly non-existent.

12  **VI.**   **Redline's January 12, 2011 Letter Was Not Otherwise Misleading**

13           Plaintiff's Opposition claims that she was led to believe she had a "shorter

14  period of time to respond" to Redline's collection letter, but she does not state how.

15  (Opposition, pg. 13).  She merely cites to *Swanson v. Southern Or. Credit Serv.*, 869

16  F.2d 1222, 1225 (9th Cir. Or. 1988)(Opposition, pg. 13)  The letter at issue in

17  *Swanson* contained, in bold faced type several times larger than the debt validation

18  notice required by section 1692g, the following message:

19           "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT
         WILL NOT BE RECORDED IN OUR MASTER FILE AS AN
20       UNPAID COLLECTION ITEM. A GOOD CREDIT RATING - IS
         YOUR MOST VALUABLE ASSET."
21  *Id.*

22       The Ninth Circuit in *Swanson* held that

23       "The prominence and message of the 'master file' and 'most valuable
     asset' language, lead the least sophisticated debtor, and quite probably
24   even the average debtor, only to one conclusion: he must ignore his
     right to take 30 days to verify his debt and act immediately or he will
25   be remembered as a deadbeat in the "master file" of his local collection
     agency and will, accordingly, lose his "most valuable asset," his good
26   credit rating.
     *Id.*
27

28       In contrast, the 30 day notice language in Redline's January 12, 2011 contains

the 30 day notice language in the fourth paragraph of the letter (SSUF No. 24) that
tracks the 30 day notice language required under the FDCPA.  See 15 U.S.C. §
1692g(a).  There is no bold-faced type asserting a deadline less than 30 days, as was
the case in *Swanson*.  Therefore, this claim fails as well.  *See, e.g., Grant v. Unifund
CCR Partners*, 842 F. Supp. 2d 1234, 1241 n.4 (C.D. Cal. 2012).  Moreover,
Plaintiff mailed Redline a letter seeking validation within 30 days of receiving
Redline's letter.  (Plaintiff's Statement of Disputes ("SOD" No. 25)

## VII.   Redline's Letters Did Not Make a Material Misrepresentation

The Ninth Circuit has held that only material misrepresentations violate the
FDCPA.  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. Wash.
2010).  The *Donohue* court held that it was only concerned with "genuinely
misleading statements that may frustrate a consumer's ability to intelligently choose
his or her response." *Id.*  Plaintiff does not dispute that she mailed Redline a letter
seeking validation within 30 days of receiving Redline's initial letter.  (Plaintiff's
SOD No. 26)  Therefore, Plaintiff show any statement in Redline's letters which
would have altered or frustrated the least sophisticated debtor's ability to
intelligently respond to a dunning letter asserting a non-existent debt.

## VIII.  Plaintiff's Claims Under the Rosenthal Act Fails

With respect to Plaintiff's Rosenthal Act claims under Section 1788.17, they
are dependent on Plaintiff's failed FDCPA claims and therefore fail as a matter of
law.  Plaintiff also claims that Redline violated Section 1788.13(l) of Rosenthal Act
by "demanding money" from her when the claim was not assigned to Redline.
(Complaint, ¶34)  However, as shown above, despite Plaintiff's arguments to the
contrary, Plaintiff owed the debt and it was validly assigned to Redline by ARS.

## IX.   Plaintiff's Opposition Fails to Show That Redline Did Not Intend to Collect on a Debt

Plaintiff's Opposition does not deny that debt collection or business need are
permissible purposes under 15 U.S.C. § 1681b(a)(3)(A) and 1681b(3)(F)

(Opposition, pg. 19)   Instead she alleges that Redline did not have a permissible purpose  because it was not the owner of the debt, but merely at most assigned for collection.  (Opposition, pg. 17, 18) Plaintiff never addresses Redline's cited authority that it is well settled that an assignee stands in the shoes of the assignor, and, the assignment is valid, has standing to assert whatever rights the assignor possessed. *Misic v. Building Service Employees Health & Welfare Trust,* 789 F.2d 1374, 1378 (9th Cir. Cal. 1986); *Olvera v. Blitt & Gaines*, P.C., 431 F.3d 285 (7th Cir. Ill. 2005).

Plaintiff also never addresses that a debt collector who is assigned the right to collect is considered to have a "permissible purpose" under Section 1681b. *See Miller v. Wolpoff & Abramson, LLP*, 2007 U.S. Dist. LEXIS 66770 (N.D. Ind. Sept. 7, 2007) at *31; *Ostrander v. Unifund Corp.*, 2008 U.S. Dist. LEXIS 25040, 6-7 (W.D.N.Y. Mar. 28, 2008).

Plaintiff also claims that because Redline made a credit inquiry before sending her a collection letter, that it violated the FCRA.  (Opposition, pg. 19) Plaintiff cites to no provision of the FCRA for this proposition.  Nothing in 15 U.S.C. § 1681b refers to the timing of a credit inquiry relating to collection.  To the extent she demands that Redline should have "properly ascertain[ed] if there was any legitimate permissible purpose" (Opposition, pg. 18), she appears to requesting a verification of the debt prior to any credit inquiry.  This is not set forth in the FCRA, and as shown above, the FDCPA clearly permits collection activity prior to verification. *See Guerrero*, *supra*.

Plaintiff also ignores Redline's cited authority that by its plain language, 15 U.S.C. § 1681b(a)(3)(A) turns on the user's intent, not on what the actual true facts may be. *See, e.g., Thomas v. United States Bank, N.A.*, 325 Fed. Appx. 592, 592-593 (9th Cir. 2009)

In response, Plaintiff claims "All Redline had at the time of its credit reviews was mere interest and not an actual intent or more importantly a lawful right of

ownership and colllection of its alleged debt." (Opposition, 18)  As shown above, all of the information in Redline's possession at the time of Redline's credit inquiry demonstrated that Plaintiff had initiated a credit transaction with "GE Money Bank/Big O Tires" and that Redline has previously conducted business with the assignee of the debt ARS (SSUF Nos. 41-42), and therefore Redline intended to collect on an "account" as defined by the FCRA.

## X.  Plaintiff's Opposition Fails to Show Redline Willfully Violated the FCRA

Plaintiff's Opposition presents no evidence that Redline's credit inquiry was made "knowing" the account was allegedly invalid.   Moreover, as shown above, based on the information in Redline's possession at the time it made the credit inquiry (SSUF Nos. 50-52), Redline reasonably believed it had a permissible purpose and Plaintiff's Opposition does not show that Redline ran a risk of violating the law "substantially greater than the risk associated with a reading that was merely careless" as to be "reckless. *Drew v. Equifax Info. Servs.*, LLC, 2010 U.S. Dist. LEXIS 131643, 14-15 (N.D. Cal. Dec. 3, 2010) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-59, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007))

## XI.  CONCLUSION

In light of the foregoing, summary judgment should be granted as to all causes of action set forth in Plaintiff's Complaint.

DATED: October 9, 2012              CARLSON & MESSER LLP


                                    By:___/s/ David J. Kaminski_____
                                         David J. Kaminski
                                         Stephen A. Watkins
                                         Attorneys for Defendant,
                                         REDLINE RECOVERY SERVICES, LLC