UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **EDCV-11-1824-MWF (SPx)**         Date:  **October 16, 2012**

Title:   Joscelin B. Thomas *-v-* Redline Recovery Services LLC

---

PRESENT:  HON. MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                       None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [16] AND GRANTING MOTION FOR SUMMARY JUDGMENT [20]

    This matter is before the Court on Plaintiff Joscelin Thomas' ("Thomas") Motion for Leave to File First Amended Complaint ("Motion for Leave") (Docket No. 16) and Defendant Redline Recovery LLC's ("Redline") Motion for Summary Judgment. (Docket No. 20). The Court held a hearing on October 15, 2012. For the reasons that follow, the Court DENIES Thomas' Motion for Leave and GRANTS Redline's Motion for Summary Judgment.

## I.    MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

    Thomas filed the pending Motion for Leave on April 13, 2012, inexplicably noticing the hearing for October 15, 2012, the motion hearing cut-off date. (Docket No. 16). The Court's (the Honorable Jacqueline H. Nguyen) Order re Jury Trial provides that the last date to add parties or amend pleadings was May 29, 2012. (Docket No. 14 at 2). That Order specifies that May 29, 2012 was the cut-off date by which all motions to add parties or amend pleadings must have been noticed for hearing. (Docket No. 14 at 3).

---

UNITED STATES DISTRICT COURT    JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **EDCV-11-1824-MWF (SPx)**          Date:   **October 16, 2012**

Title:       Joscelin B. Thomas -v- Redline Recovery Services LLC

---

     After the deadline to hear motions for amending pleadings contained in a court's pretrial scheduling order lapses, Federal Rule of Civil Procedure 16(b) controls a party's ability to modify the scheduling order and amend its pleadings. *See, e.g., Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining that Rule 16 is the proper standard where the court "had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."). This procedural posture requires a party to first move to amend the scheduling order before it will be permitted to amend its pleadings. *Primerica Life Ins. Co. v. Rodriguez*, 2012 WL 893486, at *1 (C.D. Cal. March 14, 2012) ("once the scheduling order is in place, the court must modify the scheduling order to permit an amendment.").

     The party seeking amendment must show good cause for its inability to meet the deadline by demonstrating that the deadline could not reasonably be met in spite of the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); *see also Primerica Life Ins. Co.*, 2012 WL 893486, at *2 ("while the court may consider the 'existence or degree of prejudice' to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend.") (citation omitted). A court should deny a motion for leave to amend if the moving party was not diligent. *Johnson*, 975 F. 2d at 609.

     After showing good cause for amendment of the scheduling order under Rule 16(b), the moving party must proceed to argue for amendment of the pleading under Rule 15(a). *See, e.g., Primerica Life Ins. Co.*, 2012 WL 893486, at *1.

     Because the Court's May 29, 2012, deadline to hear motions to add parties or amend pleadings passed, Thomas' ability to amend her Complaint and add defendants is governed by Rule 16(b). But Thomas' Motion for Leave and Reply do not offer argument on the Rule 16 "good cause" standard, focusing instead on

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **EDCV-11-1824-MWF (SPx)**           Date:   **October 16, 2012**

Title:        Joscelin B. Thomas -v- Redline Recovery Services LLC

---

Rule 15's liberal standard for amendment. Thomas has failed to show good cause for delaying the amendment of her pleadings under Rule 16(b), and Redline has shown that it will suffer undue prejudice if amendment is allowed because discovery has closed and the deadline for hearing dispositive motions will have passed.

Accordingly, Thomas' Motion for Leave to File First Amended Complaint is DENIED.

## II.   MOTION FOR SUMMARY JUDGMENT

In deciding a motion for summary judgment under Rule 56(a), the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Redline filed its Motion for Summary Judgment on September 17, 2012, and noticed it for hearing on October 15, 2012. (Docket No. 20). Thomas' Opposition was therefore due at least 21 days before the hearing, on or before September 24, 2012. *See* Local Rule 7-9. Thomas filed a tardy Opposition on October 5, 2012, just ten days before the hearing date. Because this is a dispositive motion, the Court has considered Thomas' Opposition despite the delay. Having considered the parties' submissions and arguments, the Court GRANTS Redline's Motion for Summary Judgment.

Redline argues that there are no genuine issues of material fact as to any of Thomas' claims and that it is entitled to judgment as a matter of law. In opposition, Thomas offers only conjecture and unsupported legal conclusions. Thomas does not provide facts that raise a genuine dispute or cite cases that undermine Redline's legal positions.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **EDCV-11-1824-MWF (SPx)**            Date:   **October 16, 2012**

Title:      Joscelin B. Thomas -v- Redline Recovery Services LLC

---

As a result, there are no genuine disputes of material fact before the Court. Thomas owed a debt on a credit account, and the account was subsequently sold to ARS, who assigned the debt to Redline for collection. (Plaintiff's Statement of Genuine Disputes ("SGD") ¶¶ 1-9). On January 12, 2011, Redline sent Thomas a letter requesting payment, on ARS' behalf, in the amount of $1,189.29. (SGD ¶ 12). Thomas responded on February 17, 2011, requesting validation of the debt and stating that she would begin payment if the debt were validated. (SGD ¶ 16). Redline ceased collection activities on February 22, 2011 when it received the letter (SGD ¶¶ 17, 28), and on October 11, 2011, Redline sent Thomas a letter informing her that the account with Redline was closed. (SGD ¶ 18).

Thomas alleges three claims for relief for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Rosenthal Act, Cal. Civ. Code § 1788, and the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. § 1681. In light of the undisputed facts, Redline is entitled to judgment as a matter of law on each claim.

*First*, with regard to Thomas' FDCPA claim, the undisputed facts show that Redline sought to collect a debt in good faith and ceased collection activities once Thomas demanded verification of the debt. This conduct is well within Redline's rights and duties as a debt collector. *See* 15 U.S.C. § 1692g(b); *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th Cir. 2007) (no duty to verify debt if collector abandons collection activity). Redline's October 2011 letter to Thomas that her account was closed does not constitute collection activity, and therefore does not violate debt collection requirements. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1169 (9th Cir. 2006) (collector may contact consumer to "advise the consumer that the debt collector's further efforts are being terminated").

Nor was the January 2011 letter communicating the debt misleading or confusing under the FDCPA. The language in this letter is consistent with safe harbor language laid out by the Seventh Circuit in *Miller v. MCalla*, 214 F.3d 872, 876 (7th Cir. 2000). Furthermore, the 30-day notice that Thomas alleges to be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **EDCV-11-1824-MWF (SPx)**               Date:   **October 16, 2012**

Title:     Joscelin B. Thomas -v- Redline Recovery Services LLC

---

misleading similarly conforms to Redline's obligations under 15 U.S.C §1692g(a). (SGD ¶ 24; *see also Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1241 n.4 (C.D. Cal. 2012)). Thomas simply has failed to identify any material misrepresentations in either written communication. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("a false or misleading statement is not actionable under §1692e unless it is material"). Accordingly, Redline is entitled to summary judgment on Thomas' FDCPA claim.

  ***Second***, Thomas' claim under the Rosenthal Act fails because it is predicated on the FDCPA claim. Accordingly, Redline is entitled to summary judgment on Thomas' Rosenthal Act claim.

  ***Third***, Thomas' FCRA claim fails because the undisputed facts show that Redline had a permissible purpose – debt collection – when it obtained her consumer credit report. 15 U.S.C. §1681b. Thomas owed a debt on a credit account, and Redline viewed her credit report in furtherance of its collection efforts. Redline's intent to collect on Thomas' debt renders its purpose permissible under the FCRA. *See, e.g., Thomas v. United States Bank, N.A.*, 325 Fed. Appx. 592, 592-93 (9th Cir. 2009). Thomas has presented no evidence that Redline viewed her credit report for any purpose other than collection of the outstanding debt. Therefore, Redline is entitled to summary judgment on Thomas' FCRA claim.

  The asserted facts identified by Thomas at the hearing do not raise genuine disputes. Thomas argued that the January 12 and October 11 letters were subject to two interpretations, at least one of which ran afoul of the Rosenthal Act and the FCRA. For example, the October 11 letter mentioned "attempting" to collect a debt instead of "attempted," and therefore (according to Thomas) was not a true closing letter. The Court has reexamined the letters and the other evidence in the case. The suggested interpretations giving rise to liability are not tenable and would not be adopted by a reasonable jury. Therefore, summary judgment is appropriate.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **EDCV-11-1824-MWF (SPx)**           Date:  **October 16, 2012**

Title:     Joscelin B. Thomas -*v*- Redline Recovery Services LLC

---

    Accordingly, Redline's Motion for Summary Judgment is GRANTED in its entirety.

    IT IS SO ORDERED.